(31 Misc. Rep. 619.)

### MONOHAN v. NEW YORK CENT. & H. R. R. CO.

### THOMAN v. SAME.

(Supreme Court, Special Term, Onondaga County.  May, 1900.)

1. RAILROAD ON STREET—LICENSE FROM CITY—ABUTTING OWNER—POSSESSION
—WHEN ADVERSE.
   Defendant and its predecessors in interest for a long time had occupied with tracks the city street on which plaintiff's lot was situated, plaintiff owning the fee to the middle of the street. No compensation was ever made to plaintiff for the use of the street, nor was the right to such use ever acquired from plaintiff. Defendant's entry on the street was under a license from the city, and there was no evidence that any claim was ever made of any rights in the street, except under such license. *Held*, that such occupation was not adverse to the plaintiff.

2. SAME.
   Possession of the street having been under the license, and not adverse to plaintiff in its inception, in absence of proof there was no presumption, after 20 years, that the character of the possession was changed.

Actions by Bridget Monohan and by Rosa Thoman against the New York Central & Hudson River Railroad Company. Motion for judgment after special verdict. Judgment for plaintiffs.

E. C. Wright, for plaintiffs.
L. L. Waters, for defendant.

HISCOCK, J.  These actions are similar in their nature, and in the evidence submitted therein.  In each case plaintiff is the owner in fee of a lot upon Canal street, in Syracuse, extending to the center of the street.  The defendant, or its predecessors, with a main and switch track, is, and for a long time has been, occupying part of that half of the street to which plaintiff holds the title.  It has never made any compensation for or acquired, as against plaintiff (unless by adverse possession, hereinafter discussed), the right to such use.  These actions are brought to restrain defendant from using the street, and to recover damages, etc.  The actions are similar to others that have heretofore been brought by owners of property upon the same street against defendant or its predecessors in interest for similar relief. Upon the trial the amount of damages and compensation was fixed to which each plaintiff would be entitled if allowed to recover at all, and all other questions were disposed of in accordance with the rule established in preceding cases, save one which is now here, and will now be discussed.

Upon the trial defendant amended its answer in each case by setting up that it and its predecessors had acquired against plaintiffs a title by adverse possession to that portion of the street occupied by it. The main track operated by the defendant has been laid and operated where it is for over 20 years.  There was some dispute as to whether the switch track was laid more than 20 years ago, or only about 14 years ago.  Upon this question, I am of the opinion that the latter date is more apt to be the correct one.  It is admitted by the pleadings and otherwise that the main track was laid in 1871 by the Syracuse & Chenango Valley Railroad, under a resolution and license

adopted and granted by the common council of Syracuse, and that defendant, by various devolutions of interests, is the successor to and in place of said railroad company. It does not appear under just what circumstances the switch track or siding was laid, but, under the view adopted as to the date when that was first laid, this is not very material upon the question now being discussed. It is expressly admitted by defendant that its predecessor "did construct its road as allowed by said license." There is no evidence upon which to find that defendant or its predecessors ever made any claim to the street occupied by it, or to the right to be therein, except under and in accordance with the license granted to it by the city of Syracuse. There is no evidence of any acts by defendant or its predecessors amounting to a claim of title and possession adverse to plaintiffs, unless the same is to be presumed from mere occupation. In my opinion, the presumptions and inferences to be drawn from the facts in these cases are against defendant's contention that it has established a right of way over plaintiffs' lands by adverse possession. The only claim of a right to be and operate tracks in this street has been based upon and under the aforesaid license. That did not purport to, as it could not legally, give any rights against plaintiffs or their grantors. Neither defendant nor its predecessors have ever made any claim, as against plaintiffs, of title thereunder or otherwise, except by mere occupation. It is one of the essentials to the establishment of a title by adverse possession that the person holding possession should do so in open hostility to the rights of the true owner. Heller v. Cohen. 154 N. Y. 299, 311, 48 N. E. 527. This certainly involves a knowledge or belief by the party holding possession that some one else may have a title to the property, and an intent upon the part of the former to assert a possession and rights in hostility thereto. When defendant's predecessor went into possession of this street, it treated with the city of Syracuse, as the only one having an interest in or control over this public street. It is scarcely to be presumed (as a matter of law, at least) that it intended to commit a trespass. It may have been ignorant of plaintiffs' title to the center of the street, or may have assumed that the city had such control over its streets as to have power to grant a license to do what it did do. At least I think it is a fair inference and presumption to hold against it that, having obtained this license, it went into possession under it, and it alone; that it laid its tracks in the streets upon the theory and claim that the resolution fully authorized it so to do; that it did not intend to force itself into and take possession of the street in hostility to the rights of any one; that its claim and possession in the street are to be regarded as under and co-extensive with the license and not in hostility to, but subordinate to, rights not covered thereby. As a general rule, to establish title by adverse possession it must be shown that the person holding possession did so in open hostility to the rights of the true owner. The presumption is that the possession is in subordination to the actual title. Mere undisturbed possession for 20 years is not sufficient. Heller v. Cohen, 154 N. Y. 299, 311, 48 N. E. 527; Doherty v. Matsell, 119 N. Y. 646, 23 N. E. 994. To constitute a possession adverse to the true owner, there must be a claim of

title, and the claim must be of the entire title. It must be such as necessarily to exclude the idea of title in any other person. Howard v. Howard, 17 Barb. 663. The case of Broiestedt v. Railroad Co., 55 N. Y. 220, seems to be entirely applicable as an authority to these cases. There a railroad company had entered into possession of a street by the license of a statute, and the question arose whether its possession was to be deemed adverse to that of a property owner owning to the center of the street, who was not a party to, or compensated for, such occupation. The court held that:

"The possession was not adverse, but was under license by act of the legislature, which only extended to the rights of the public. The entry under this license is presumed to have been in subordination to the rights of the owner, and there is no evidence against this presumption."

Defendant's counsel, upon his brief, seeks to avoid the authority of this case by urging that, although the original entry of the defendant's predecessors into the street might be presumed to be under the license, and so not hostile to the plaintiffs, a different presumption would arise after user and occupation for 20 years. I am not able to draw this distinction. Assume the original entry to have been under the license, and not hostile, and, in the absence of evidence indicating some change, it will not be presumed that the character of the possession has changed from that of a licensee to a hostile and adverse claimant of title. Findings and judgment may be prepared in each case, in accordance with the views stated here and upon the trial, in favor of plaintiffs, with costs.

Judgment for plaintiffs, with costs.