LONGTON *v.* STEDMAN.

1. INJUNCTION—EQUITY—PERMANENT STRUCTURE—RIGHT OF WAY —CONTINUING TRESPASS.

Evidence *held,* sufficient to sustain the allegation of a bill for a mandatory injunction, entitling plaintiff to relief by compelling defendants to remove that portion of their building encroaching upon a five-foot strip claimed by plaintiff as a way, and payment of damages.

2. LIMITATION OF ACTIONS—EASEMENTS—TRESPASS—CONTINUING TRESPASS—INJUNCTION.

A bill for a mandatory injunction to abate and restrain a continuing trespass is not barred until the trespasser has extinguished the claimed easement by adverse possession for a period of fifteen years.

Appeal from Kalamazoo; Weimer, J. Submitted April 4, 1917. (Docket No. 24.) Decided May 31, 1917.

Bill by William P. Longton and another against Henry H. Stedman and another to enjoin an encroachment upon plaintiffs' land. From a decree for plaintiffs, defendants appeal. Affirmed.

*Charles L. Dibble,* for plaintiffs.

*Alfred S. Frost,* for defendants.

BROOKE, J. This case is now before the court for the second time. The opinion rendered upon its first consideration will be found reported at 182 Mich. 405 (148 N. W. 738). A perusal of that opinion will make a restatement of fact unnecessary.

When the bill was filed the defendants interposed a demurrer, alleging 18 different grounds for the dismissal of the bill, and an order was entered in the circuit court sustaining said demurrer. On appeal to this

court a very careful and full consideration was given to the averments contained in the bill of complaint and the grounds of the demurrer filed on behalf of the defendants. We there held, assuming the allegations in the bill of complaint to be true, that the plaintiffs were entitled to the relief prayed, and remanded the case to the circuit court, with permission to defendants to answer. The parties went to a hearing in the court below, and considerable testimony was taken, at the conclusion of which a decree was rendered in accordance with the prayer of the bill commanding the defendants to remove that portion of defendants' building encroaching upon the five-foot strip, claimed by plaintiffs as a way, within 90 days from the signing of the decree, and further ordered the defendants to pay to plaintiffs $100—

"As and for compensation for the damage to said complainants from the continued infringement of their said easement for the period of six years next preceding the institution of this suit."

From the decree so rendered defendants have appealed, and in this court counsel argues for a reversal of the decree for the following reasons:

"*First.* The plaintiffs never acquired any legal rights through the restrictive covenant contained in the deed given by James Baumann and wife to Hanford.

"*Second.* That if the said covenant created an easement, such easement was personal or an easement in gross, and was not assignable.

"*Third.* That said restrictive covenant had been abandoned by the subsequent conveyances of the property now owned by the plaintiffs and that owned by the defendants.

"*Fourth.* That if said covenant contained in deeds Exhibits A and I created an easement which has not been abandoned, was transferable, and had been legally assigned to plaintiffs, they have lost all rights they might have had by their laches, as said covenant con-

stituting or creating said easement was broken when the building was erected nearly 14 years before suit was commenced.

"*Fifth.* That the plaintiffs are estopped by their laches from claiming any affirmative relief in said cause.

"*Sixth.* That the statute of limitation is a complete bar to plaintiffs' right of action, either in law or equity."

We have read the evidence introduced in the case with care, and have no hesitation in saying that the allegations contained in the bill are fully sustained by the proofs. That being true, it will be found that the first, second, third, fourth, and fifth grounds for reversal are fully covered by the opinion already rendered in the case.

With reference to the sixth ground urged, appellant relies upon the statute (section 14141, 5 How. Stat. [2d Ed.], 3 Comp. Laws 1915, § 12323), which provides that:

"All personal actions on any contract, not limited by the foregoing sections, or by any law of this State, shall be brought within ten years after the accruing of the cause of action, and not afterwards."

A sufficient answer to this contention is found in the fact that plaintiffs' action is not based on any covenant. It is an action in which plaintiffs seek by the aid of a mandatory injunction to abate and restrain a continuing trespass. This action is open to plaintiffs at any time until the trespasser has extinguished the easement claimed by plaintiffs by adverse possession 15 years.

The decree is affirmed, with costs.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.