LONG *v.* NEW YORK CENTRAL RAILROAD CO.

1. NUISANCES—PURPRESTURE.

Railroad tracks occupying city street in common with public use is not purpresture, but building occupying any part of city street to exclusion of public use of such part is purpresture, and while there is difference between purpresture and nuisance, the two may co-exist:

2. SAME—NO PRESCRIPTIVE RIGHT TO MAINTAIN NUISANCE.

There is no such thing as prescriptive right or any other right to maintain public nuisance, and every continuance of nuisance is fresh nuisance.

3. SAME—TITLE TO STREET UNIMPORTANT IN SUIT TO ABATE NUISANCE IN STREET.

Whether title to street is in city or fee is in abutting owners is unimportant in suit by abutting owners to abate public nuisance consisting of flagman's shanty in city street, since in either case public is entitled to uninterrupted, unimpeded, and unobstructed use of every portion and part thereof.

4. SAME—NUISANCE DEFINED.

That is nuisance which annoys and disturbs one in possession of his property, rendering its ordinary use or occupation physically uncomfortable to him.

5. SAME—INJUNCTION—RIGHT OF ABUTTING OWNERS TO ENJOIN NUISANCE IN STREET.

Flagman's shanty built in public street by railroad company from which smoke is emitted is not only purpresture but is also public nuisance, and abutting owners who have built store and office building on their lot, and who suffer special injury to their property and property rights by reason of nuisance, have right to invoke aid of equity court to abate it.

Appeal from Monroe; Root (Jesse H.), J. Submitted October 16, 1929. (Docket No. 130, Calendar No. 34,640.) Decided December 3, 1929.

Bill by Amos M. Long and others against the New York Central Railroad Company to abate a nuisance. Defendant filed a cross-bill. From a decree for plaintiffs, defendant appeals. Affirmed.

*Goodenough, Voorhies, Long & Ryan,* for plaintiffs.

*Angell, Turner & Dyer,* for defendant.

WIEST, J. The railroad track of defendant company is now, and for many years has been, located along the north side of First street in the city of Monroe.

In 1894, the commissioner of railroads ordered the Lake Shore & Michigan Southern Railway Company (defendant's predecessor), to station and maintain a flagman at the railroad crossing of Monroe street in the city of Monroe. In February, 1895, the Monroe city council granted that railway permission "to erect a small house on the southeast corner of Monroe and First street." Under such permission, a flagman's shanty, with a coal bin, was erected within the curb line of the street and has since then been maintained. Plaintiffs own the premises at that corner, and have erected a store and office building, and they filed the bill herein to have the shanty adjudged a nuisance and to procure its removal. Defendant, successor to the rights of the Lake Shore Railway Co., by its answer, framed issues upon plaintiffs' allegations, and, by cross-bill, asserted an easement by prescription. Decree in the circuit adjudged the shanty a nuisance, ordered abatement by removal, and dismissed the cross-bill. Defendant appealed.

Upon the subject of prescriptive right, defendant cites *Felton* v. *Wedthoff,* 185 Mich. 72, and plaintiff

cites *U. S. Gypsum Co.* v. *Christenson,* 226 Mich. 347. Are those decisions in conflict, and, if not, or if so, does either govern the issue at bar? The *Felton Case* involved an easement in city streets, in common with user by the public, and continuous user thereof by a railroad company, for such a period and under such circumstances, as conferred a prescriptive right, at least to the extent of barring recovery of damages by abutting owners. The *Gypsum Company Case* involved a purpresture or appropriation of a part of the public highway for exclusive private use. One case involved a lawful easement of use of the way in common with the public, while the other dealt with a permissive private appropriation of a part of a highway to the exclusion of the public. In the *Felton Case* the permissive easement, in common with public use of the streets, was authorized by statute and was valid, and user thereunder ripened into a prescriptive easement as against abutting owners. In the *Gypsum Company Case* there was no easement, and whether permission to occupy the street was valid or void was of no moment, for the entry, in either event, was not hostile, adverse, or of right so as to warrant title by adverse possession. The *Felton Case* is not applicable, and the *Gypsum Company Case* is only of general help.

In the case at bar the railroad of defendant is in the street, and the right to remain there is not questioned, and if, and when, questioned, will be time for the company to invoke, and for this court to apply, the rule announced in the *Felton Case.*

The erection of the flagman's shanty in the public street cannot be brought within the rule of easements, for it was a taking of a part of the common public way for private purposes and a purpresture, and, under the proofs in this case, a public nuisance.

As stated by Mr. Elliott in his work on Roads and Streets (4th Ed.), § 828:

" 'Public highways belong, from side to side and end to end, to the public,' and any permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance *per se,* and may be abated, notwithstanding space is left for the passage of the public. This is the only safe rule, for, if one person can permanently use a highway for his own private purposes, so may all, and if it were left to the jury to determine in every case how far such an obstruction might encroach upon the way without being a nuisance, there would be no certainty in the law, and what was at first a matter of small consequence would soon become a burden not only to adjoining owners, but to all the taxpayers and the traveling public as well."

A railroad occupying a city street in common with public use is not a purpresture. *Lexington & Ohio R. Co.* v. *Applegate,* 38 Ky. 289 (33 Am. Dec. 497). But a building occupying any part of a city street, to the exclusion of public use of such part, is a purpresture. While there is a difference between a purpresture and a nuisance, the two may co-exist, and both are present in this case.

"There is no such thing as a prescriptive right or any other right to maintain a public nuisance." *Philadelphia, etc., R. Co.* v. *Maryland,* 20 Md. 157.

See also, *State* v. *Railway Co.,* 86 Ind. 114.

"Every continuance of a nuisance is a fresh nuisance." *State* v. *Railway Co., supra.*

The plaintiffs are abutting owners, and, as such, have an undoubted right to invoke the aid of the court of equity to procure abatement of the public

nuisance because of special injury to their property and property rights. *Reed* v. *City of Seattle,* 124 Wash. 185 (213 Pac. 923, 29 A. L. R. 446); *Mayor, etc., of City of Columbus* v. *Jaques,* 30 Ga. 506. See, also, *Attorney General* v. *Booming Co.,* 34 Mich. 462; *State* v. *Kean,* 69 N. H. 122 (45 Atl. 256, 48 L. R. A. 102).

It is unimportant in this case whether title to the street is in the city or the fee is in abutting owners, for the rule of law is the same with reference to a purpresture and public nuisance. The rule is well stated in *People* v. *Harris,* 203 Ill. 272 (67 N. E. 785, 96 Am. St. Rep. 304):

"When a public highway is once established, all the beneficial uses of it vest in and devolve upon the public, and where, as in incorporated cities, the title to the streets is vested in the municipality, they are nevertheless charged with the public right. In fact, the city could have no authority to accept public streets upon any other conditions than that they should be for public use, and what is meant by public use is that the public shall have the uninterrupted, unimpeded and unobstructed use of every portion and part of such public highway,—not only that they may use the ground or foundation to travel upon (which right is co-extensive with every inch or foot of it), but that they may enjoy the air, light, and rainfall as well upon every portion of it."

The growth of the city, erection of buildings, and the ordinary right of abutting owners to unobstructed enjoyment of the sidewalk and street from their business building to the curb line, together with the smoke from coal emitted from fire in the shanty, renders the shanty in its location and use a nuisance.

In *Baltimore, etc., R. Co.* v. *Baptist Church,* 108 U. S. 317 (2 Sup. Ct. 719), a building for housing locomotives was erected and used next to the church

in the city of Washington, and noise and smoke interfered with use of the church building. Many of the questions here presented were there considered, but we quote only the following:

"That is a nuisance which annoys and disturbs one in the possession of his property, rendering its ordinary use or occupation physically uncomfortable to him. For such annoyance and discomfort the courts of law will afford redress by giving damages against the wrongdoer, and when the cause of the annoyance and discomfort are continuous, courts of equity will interfere and restrain the nuisance. *Crump* v. *Lambert,* L. R. 3 Eq. 409. * * *

"It is an actionable nuisance to build one's chimney so low as to cause the smoke to enter his neighbor's house. If any adjudication is wanted for a rule so obvious, it will be found in the cases of *Sampson* v. *Smith,* 8 Sim. 272 (59 Eng. Rep. Reprint, 108), and *Whitney* v. *Bartholomew,* 21 Conn. 213."

The flagman's shanty in the public street is a purpresture and a public nuisance and of special injury to the plaintiffs' property rights and enjoyment thereof.

The decree in the circuit is affirmed, with costs to plaintiffs.

NORTH, C. J., and FEAD, BUTZEL, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.