## SIMMS *v.* BERGER.

1. WORDS AND PHRASES—PURPRESTURE.

A purpresture is any encroachment upon, or enclosure of, land subject to common or public rights.

2. NUISANCE—PURPRESTURE—DRIVEWAY FOR TENANTS OF ADJOINING OWNER.

A proposed 5' x 8' building to be erected on 18' driveway that was for the joint use of the tenants of land upon which it was located did not constitute a purpresture abatable at the suit of an adjoining owner, since the driveway is not a highway

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, Nuisances § 5.
[2] 39 Am Jur, Nuisances § 6 *et seq.*
[3] See, generally, 9 Am Jur, Buildings § 36.
[4] 9 Am Jur, Buildings § 37.
[5] See, generally, 39 Am Jur, Nuisances § 43 *et seq.*

or public property, notwithstanding one of the tenants was a State agency.

3. Same—Encroachment Upon Public Way—Violation of Building Code.

Claim that proposed 5' x 8' building to be erected in 18' driveway that was for the joint use of the 2 tenants on property traversed by the driveway constituted a nuisance because of failure to obtain special permit under city building code *held,* untenable, where although the building code required a special permit to be authorized by the common council when a building encroached upon or projected into a street or other public property, the driveway did not constitute public property, the only right which any of the public had therein by reason of the fact that one of the tenants was a State agency being for a limited period of time for individual use, as distinguished from a right of use by the public at large (Detroit Building Code, art 21, § 2101).

4. Injunction—Parties—Building Permit—Assumed Name Certificate.

Plaintiff occupant of adjoining premises was not entitled to an injunction to prevent erection of 5' x 8' building upon 18' driveway alongside of, but not on, plaintiff's premises merely because building permit obtained had been issued to an assumed name for which a certificate was not on file with the county clerk, where the city is not a party to the injunction proceeding and defendants' cotenant was not objecting to the erection of the building involved.

5. Same—Nuisance—Lines of People in Front of Business Place —Parties.

Plaintiff, occupant of adjoining premises to those occupied by defendant and State employment security commission, not a party to suit to enjoin construction of 5' x 8' building on 18' driveway adjoining plaintiff's premises, was not entitled to injunction because of line of people who were on their way to obtain checks from the commission and it does not appear that any line-up of beneficiaries would occur by reason of defendants' check-cashing service to be rendered in such building would cause a private nuisance in front of plaintiff's building where he also rendered a check-cashing service in connection with the sale and installation of automobile parts and accessories.

Appeal from Wayne; Noe (Alton H.), J., presiding. Submitted April 7, 1955. (Docket No. 39, Calendar No. 46,193.) Decided June 6, 1955.

Bill by George Simms against Bernard Berger and Cardi De Monaco, doing business as Modern Craft Home Builders Company, to enjoin erection of building on right-of-way designated in third party's lease. Bill dismissed. Plaintiff appeals. Affirmed.

*Walter A. Mansfield* (*David S. DeWitt,* of counsel), for plaintiff.

*Harold R. Sullivan* and *Anthony G. Jeffries,* for defendants.

Boyles, J. This is an appeal by the plaintiff from a decree dismissing his bill of complaint wherein he sought an injunction to restrain the defendants from erecting or maintaining a small building on an 18-foot driveway on the north side of leased premises at 5946–5954 Cass avenue in Detroit occupied by the Michigan employment security commission. Plaintiff conducts the business of selling and installing automobile parts, accessories, et cetera, in the building next north of the above premises; and also, as a substantial part of his business, plaintiff is engaged in cashing checks, at a certain charge per check, for the recipients of benefit checks from the employment security commission, which it issues in the above leased premises. Defendant Berger also leases from the same owner the rear part of the building, the front part of which the commission occupies, facing on Cass avenue. Berger proposes to engage in the business of cashing unemployment beneficiaries' checks in competition with plaintiff, and for that purpose desires to erect a small building about 5 x 8 feet in extent, facing Cass avenue, on the driveway

herein referred to. The facts and circumstances are as follows:

Plaintiff owns lot 4 with a building thereon at 6000 Cass avenue in Detroit, on the south side of which is a paved driveway 11-1/2 feet in width extending east from Cass avenue toward the rear of said lot. In the southwest corner of plaintiff's building is a window where he conducts the check-cashing business herein referred to. The west part of lots 5 and 6, next south of plaintiff's said building, known as 5946-5954 Cass avenue, is leased by the State and occupied by the Michigan employment security commission. On the north side of said lots 5 and 6 is the driveway approximately 18 feet in width, on the west end of which defendant Berger proposes to erect the little building here in question, facing Cass avenue. Said driveway extends east from Cass avenue over 100 feet, immediately adjoining and parallel with the driveway which is on the south side of plaintiff's adjacent lot 4. The 2 driveways are separated by a fence. The record shows that the erection of the small building here in question would still leave sufficient unoccupied width in the 18-foot driveway to allow an adequate use of the driveway by defendant Berger and by the employment security commission.

On June 29 and 30, 1951, the State of Michigan and the defendant Berger rented their respective portions of said building on lots 5 and 6 from a common owner. The lease to the State of that part occupied by the employment security commission contains the following provisions:

"2. The lessor hereby leases to the State the following described premises, in the city of Detroit, county of Wayne, and State of Michigan, *viz:* Lots 5 and 6 of the subdivision of lot 6, park lot 48, except the driveway over the northerly 18 feet of said property, * * * excepting, however, that portion of

said premises at the rear of the building [leased to Berger]. * * *

"14. It is understood and agreed that the State shall have a right-of-way over the driveway excepted in paragraph 2."

The lease to defendant Berger provides in part:

"(2) * * * The landlord, * * * does hereby lease unto the tenant the following described premises * * * That portion of lots 5 and 6 of the subdivision of lot 6, park lot 48, * * * described as approximately the easterly 44 feet thereof, * * * also the driveway over the northerly 18 feet of lots 5 and 6 of the subdivision of lot 6, park lot 48, which said driveway extends from the easterly boundary of Cass avenue to the premises hereinabove described. * * *

"(39) It is understood and agreed that the rights of tenant as lessee of the driveway hereinabove described are subject to the right of the State of Michigan and the Michigan employment security commission, tenants of the portion of lots 5 and 6 of the subdivision of lot 6, park lot 48, not covered by this lease, to have a right-of-way over the said driveway."

The defendant De Monaco obtained from the city a building permit to construct the small building herein involved, in the north part of the driveway at the northwest corner of lot 5; it is to have a frontage on Cass avenue of 5 or 6 feet and to extend back from the street about 8 feet. Plaintiff alleges in his bill that construction of the building has been commenced, that it encroaches on public property, that it constitutes a public nuisance and a purpresture, that it is being built on public property in such a manner as to compete with his, plaintiff's, check-cashing business. He seeks a permanent injunction restraining the defendants Berger and De Monaco from constructing and maintaining said building.

In the cases cited and relied upon by plaintiff, the obstruction or encroachment involved was upon a public way, such as a street, highway, walk, alley, or a navigable water, over which the general public had a right of access and enjoyment. That is not the situation here. The proposed building will be on private property leased to the defendant Berger with the State having the right to use the driveway in which the alleged purpresture is being built. This driveway has not been established as a public street, alley, or highway over which the general public has an easement or use. On the contrary, the only right which the State, the public, or the employment security commission has in the driveway is for a limited period of time for individual use, as distinguished from a right of use by the public at large. The building does not encroach upon a common way.

Appellant relies on *Long* v. *New York Central Railroad Co.,* 248 Mich 437. But in that case the flagman's shanty, claimed to constitute a purpresture, was in the street, which is not the situation in the case at bar.

The essence of plaintiff's claims is (1) that the action of defendants Berger and De Monaco in constructing the building in question in the driveway is a purpresture, and (2) that the erection and use of the building on the driveway will be a nuisance abatable at the instance of the plaintiff.

Webster's New International Dictionary (2d ed Unabridged), p 2018, defines a purpresture, in law, as follows:

"Wrongful appropriation of land subject to the rights of others; esp., any encroachment upon, or enclosure of, land subject to common or public rights, as highways, rivers, harbors, forts, et cetera; or, in England, of land belonging to the king, as, esp., the royal forests; also, the property so enclosed or seized."

The driveway in question is not a highway or public property and the doctrine of purpresture does not apply. The proposed building does not constitute a purpresture.

For reversal plaintiff also urges that the erection of the building by defendants Berger and De Monaco is a nuisance for the reason that article 21 of section 2101 of the building code of the city of Detroit provides that no building shall encroach upon public property unless a special permit shall have been authorized by the common council. No permit issued in this case so authorized. The section of the code, above cited, reads:

"No portion of a building or other structure, * * * shall encroach upon or project into any street, alley, park or other public property without a special permit having been authorized by the common council."

The complete answer to that contention by plaintiff is that no portion of the building in question encroaches on or projects into public property.

For reversal plaintiff further argues that the building permit for defendants' building was obtained upon the application of defendant De Monaco but was issued to "Modern Craft Home Bldrs. Co." The evidence failed to disclose any corporation or assumed name certificate on file with the county clerk for that name. Plaintiff argues that since the building permit and application therefor were improper in that De Monaco had failed to file an assumed name certificate as required by statute, the permit was improperly issued and plaintiff may, therefore, have equitable relief enjoining the erection of the building. The application and the permit issued therefor might be amended upon proper application or an assumed name certificate might be filed. It should be noted that the city is not a party in the

case and is not complaining of any violation of its ordinances. Nor is the State or the employment security commission interposing any objection to the erection of the building involved.

In connection with the question whether the plaintiff may have relief to abate a claimed nuisance, 2 facts must be kept in mind. Neither the State of Michigan nor the employment security commission has been made a party in this case. As it now stands, plaintiff's relief, if any, could be granted only as against Berger or De Monaco. Secondly, the circumstances, on which plaintiff relies in claiming a nuisance, occurred while the beneficiaries of the checks were on their way *to the place of business* of the commission *to obtain their checks.* Defendants Berger and De Monaco had, and would have, no responsibility for any line-up of beneficiaries until *after* they had received their checks and were about to cash them.

Plaintiff's testimony and exhibits show that those who are on their way to obtain their checks from the commission line up in the street across the front of plaintiff's driveway and along the front of his building blocking plaintiff's driveway and the entrance to plaintiff's place of business; also, that occasional use of his driveway has been interfered with by such a line using plaintiff's driveway. All this happened before the persons in the line-up had obtained their checks. The plaintiff testified:

"Exhibit 19 is a photograph and shows some people in the picture. These people are lined up in our driveway. These people are about to enter the claim office of the unemployment center.    *   *   * The people in the picture are on our side of the fence and they are lined up as you can see, going towards the south building to the unemployment center.

"Plaintiff's exhibit 22 is another picture of the same circumstances. The people are lined up on my

side of the fence, proceeding south to the unemployment for their checks.    *    *    *

"Exhibit 24 is a photograph which I took. I took it a year or more ago. It is a fair representation of the position at the time I took it. It shows people lined up on Cass avenue and then the line turning going into the driveway, that is, the State driveway. It shows them entering the State driveway. It shows people headed into the side entrance of the unemployment center.

"*Mr. Pagels* [Attorney for defendants] : This was taken approximately a year ago?

"*The Witness:* A year or more, yes.

"*Mr. Pagels:* And it shows these people—where are they headed for there?

"*The Witness:* They are headed into the side entrance of the unemployment center."

We do not decide whether plaintiff might obtain relief against the State or the employment security commission, if they were parties. Nor do we anticipate a possible future condition which might (or might not) occur if a line-up of *recipients* of checks, on the way to having defendant Berger cash them, caused a private nuisance by lining up in front of plaintiff's building or obstructing his driveway. However, it is improbable that such a condition would arise, inasmuch as Berger's place for cashing checks would be between the commission's place of business and that of the plaintiff.

Affirmed. Costs to appellees.

Carr, C. J., and Butzel, Smith, Sharpe, Reid, Dethmers, and Kelly, JJ., concurred.