HODGESON v GENESEE COUNTY DRAIN COMMISSIONER

(HODGESON v RAGNONE)

1. LIMITATION OF ACTIONS—NUISANCE—CONTINUING NUISANCE.

The statute of limitations for a nuisance does not begin to run from the date of the first act where there are wrongful acts of a continuing nature.

2. LIMITATION OF ACTIONS—NUISANCE—CONTINUING NUISANCE.

The statute of limitations in an action for nuisance did not apply to bar recovery where it is clear that the acts complained of by plaintiffs were continuing in nature.

3. TRESPASS—DRAINS—EASEMENTS—RECORDING EASEMENTS—STATUTES.

The presence of a drain on private property does not constitute a trespass by reason of a failure of the drain commissioner to record the easement for the drain with the Register of Deeds where the drain commissioner recorded the easement for the drain in the office of the county drain commissioner in accordance with the statutes at that time, and where the subsequent statute requiring the recording of easements with the register of deeds did not require the recording of then existing easements (MCLA 280.11).

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 December 5, 1973, at Grand Rapids. (Docket No. 16807.) Decided March 28, 1974. Leave to appeal denied, 391 Mich 843.

Complaint by Ted E. Hodgeson and Edith A. Hodgeson against the Genesee County Drain Commissioner, Anthony Ragnone, and Genesee County Drainage District # 24 for damages resulting from

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur 2d, Nuisances §§ 131, 132, 158.
[3] 25 Am Jur 2d, Drains and Drainage Districts §§ 34, 35.

a trespass and a nuisance. Accelerated judgment for defendants. Plaintiffs appeal. Reversed and remanded on nuisance count.

*Draper, Daniel, Ruhala & Seymour, P. C.,* for plaintiffs.

*Walker, Troester, Picard & MacNeil,* for defendants.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

T. M. BURNS, P. J. Plaintiffs purchased their home in Genesee County in February, 1962. In 1965, plaintiffs began to experience flooding in their basement which they traced to an east-west storm sewer drain running under their property. Plaintiffs checked the public records and found that said drain was never recorded.

Plaintiffs' basement continued to flood at least once annually. After several requests to the county drain commission to take whatever action was necessary to stop the flooding and after the county health department reported that the drain was carrying raw sewage, which when flooded created a serious health hazard, plaintiffs requested that the drain be dug up and rerouted. The county informed plaintiffs that the condition complained of was a private matter and would have to be done at their own cost.

Plaintiffs then filed their suit against the defendants on October 20, 1972. Count one alleged that since no easement for the drain had been recorded, the drain commissioner was trespassing on their property. Count two alleged that due to disrepair and lack of maintenance of the drain, a nuisance had been created which not only caused damage to

plaintiffs' home, but also created a serious health hazard.

On January 11, 1973, defendants filed their answer and a motion for accelerated judgment on the ground that the initial damages had occurred more than three years before suit was commenced, and thus any cause of action was barred by the statute of limitations.

After a hearing on the motion, the trial court granted defendants' motion for accelerated judgment and entered an order on March 21, 1973, dismissing plaintiffs' action. It is from this order granting accelerated judgment that plaintiffs appeal.

Plaintiffs raise two issues in this Court which shall be discussed in the manner presented below.

Plaintiffs first contend that the statute of limitations for a nuisance does not begin to run at the time the nuisance is discovered when the nuisance is of a continuing nature.

The law is clear that where there are wrongful acts of a continuing nature, the statute of limitations does not begin to run from the date of the first act. In *Defnet v Detroit,* 327 Mich 254; 41 NW2d 539 (1950), the plaintiffs sued the City of Detroit for trespass due to the existence of a city-owned sewer running under their property. Upon obtaining a deed to their house in 1928, they were informed by their grantor that there was a "blocked off" sewer under their property. The next year cracks appeared in their house and it began to settle. Other damages developed later, and continued as late as 1944. In 1945, plaintiffs filed a bill in equity and a jury awarded them damages of $5,000. The trial court set aside the verdict and entered judgment for the defendant because, among other reasons, the trial court determined

that the statute of limitations had run. The Supreme Court, in vacating the trial court's judgment and remanding the cause for entry of a judgment on the jury's verdict, stated:

"Where there are continuing wrongful acts within the period limited by statute (1948 CL 609.13 [MSA 27.605]), recovery is not barred. *Longton v Stedman,* 196 Mich 543; 162 NW 947 (1917). See also *Grand Rapids & Indiana R Co v Heisel,* 47 Mich 393; 11 NW 212 (1882); *Phelps v City of Detroit,* 120 Mich 447; 79 NW 640 (1899); *Long v New York Central R Co,* 248 Mich 437; 227 NW 739 (1929); and *Bator v Ford Motor Co,* 269 Mich 648, 669; 257 NW 906 (1934)."

In *Phelps v Detroit,* 120 Mich 447; 79 NW 640 (1899), cited with approval in *Defnet, supra,* the Court held that the fact that a nuisance is of such a permanent character that it will continue without change from any cause but human labor, does not preclude application of the rule that the statute of limitations does not bar recovery from a continuing wrong which has subsisted during the limitation period preceding the commencement of the action.

Based on the authorities cited above, we hold that the trial court erred in dismissing the case on the ground that the statute of limitations had run. It is clear that the acts complained of by plaintiffs were continuing in nature and thus the statute of limitations does not apply to bar recovery. Whether or not they were wrongful is a matter to be decided by the trial court or a jury at trial.

The second and final question to be decided on this appeal is whether the drain commissioner's failure to publicly record the easement constituted a trespass against the property of the plaintiffs.

Plaintiffs assert that under MCLA 280.11; MSA 11.1011, the defendant drain commissioner was

required to record all easements in his possession at the time of the enactment of this statute in 1955. Plaintiffs, therefore, claim that since this was not done, the presence of the drain on their property constitutes a continuing trespass. We disagree.

At the time this easement was obtained, 1923 PA 316, a predecessor of the current statute, was in effect. That act provided that easements such as the one in question were to be recorded in the office of the county drain commissioner. In 1929, the easement in question was obtained and recorded in the office of the county drain commissioner as the act required.

In 1955 the present law was enacted requiring recording with the register of deeds. However, this law makes no mention of existing easements, but rather requires that "all easements, rights-of-way or releases of damages hereafter obtained in connection with any existing drain shall be recorded in the office of the register of deeds * * * ". There is no requirement to record prior existing easements. Therefore, there was no trespass on the part of the defendant drain commissioner.

For the reasons delineated above, the judgment is reversed and remanded.

All concurred.