KIESEL INTERCOUNTY DRAINAGE BOARD v HOOPER

Docket No. 81297. Submitted October 15, 1985, at Lansing.—Decided January 21, 1986.

Allan and Sharon Hooper purchased property on land contract in 1966 in Beaver Township, Bay County, and acquired title to the property in 1972. The Kiesel Intercounty Drain, established in 1905, flowed through the property the Hoopers purchased. The Kiesel Intercounty Drainage Board filed suit against the Hoopers in Bay Circuit Court claiming that the Hoopers were interfering with its right-of-way by placing junk cars along the bank of the drain, thereby interfering with plaintiff's cleaning, deepening, widening and straightening of the drain. Defendants denied the existence of a valid right-of-way, alleging that the original 1905 release of right-of-way had not been signed by the property owner and, further, had not been recorded or registered until 1974. Defendants also claimed that a 1976 conveyance of right-of-way, signed by defendant Allan Hooper, was not valid since it was not signed by the joint owner of the land, defendant Sharon Hooper. Plaintiff filed a motion for summary judgment, which was granted. The court, John X. Theiler, J., ruled that plaintiff was deemed to have an easement of right-of-way 6 rods wide pursuant to statute regardless of any defective conveyances of rights-of-way. Defendants appealed. *Held:*

1. A 1968 amendment to the Drain Code of 1956 provides for a public right-of-way based solely on the fact of a regularly located .and established drain physically visible at the time a property owner takes title. The asserted invalidity of the right-of-way conveyances is not relevant to the application of the statute.

2. The statute also creates a valid public easement for drains

REFERENCES

Am Jur 2d, Drains and Drainage Districts §§ 34, 35.
Am Jur 2d, Easements and Licenses §§ 7 *et seq.*
Locating easement of way created by necessity. 36 ALR4th 769.
Conveyance of "right of way," in connection with conveyance of another tract, as passing fee or easement. 89 ALR3d 767.
Extent and reasonableness of use of private way and exercise of easement granted in general terms. 3 ALR3d 1256.

the existence of which is set forth in written drain easements or rights-of-way on file in the offices of drain commissioners. Whether valid or not, the 1905 release of a 6-rod right-of-way was on file in the office of the Bay County Drain Commissioner and that right-of-way therefore is deemed a valid public easement.

3. Defendant's argument that, even if the statute validates the 1905 release of right-of-way, plaintiff was obligated to record the release with the register of deeds is without merit. There is no need to record grants of easements that existed prior to 1955, when the law requiring recording was enacted.

Affirmed.

1. Drains — Easements — Rights-of-Way.

A public right-of-way for a drain, including a reasonable area for excavations from the drain and subsequent maintenance activities related to the drain, is created by statute where there is a regularly located and established drain physically visible at the time a property owner takes title; also provided for by statute is the creation of valid public easements for drains the existence of which is set forth in written drain easements or rights-of-way on file in the office of the county drain commissioner (MCL 280.6; MSA 11.1006).

2. Drains — Easements — Recording — Register of Deeds.

Grants of easements for drains which were recorded with the county drain commissioners prior to 1955 need not be recorded with the registers of deeds to be valid (MCL 280.6; MSA 11.1006).

*Carruthers & Halverson Associates* (by *James G. Halverson*), for plaintiff.

*John P. Higgins*, for defendants.

Before: V. J. Brennan, P.J., and Beasley and J. P. Noecker,* JJ.

Beasley, J. Defendants, Allan and Sharon Hooper, appeal as of right from a grant of summary judgment in favor of plaintiff, Kiesel Intercounty Drainage Board, under GCR 1963, 117.2(2)

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and (3), now MCR 2.116(C)(9) and (10). The dispute involved a drain established in 1905. Defendants jointly owned land through which the drain flowed. Plaintiff claims that defendants were interfering with its right-of-way by placing junk cars along the bank of the drain, thereby interfering with plaintiff's cleaning, deepening, widening and straightening of the drain. Defendants denied the existence of a valid right-of-way, alleging that the original 1905 release of right-of-way had not been signed by the property owner and, further, had not been recorded or registered until 1974. Defendants also claimed that a 1976 conveyance of right-of-way, signed by defendant Allan Hooper, was not valid since it was not signed by the joint owner of the land, defendant Sharon Hooper.

At the hearing on the summary judgment motion, plaintiff abandoned any claim under the 1976 grant of right-of-way from defendant Allan Hooper. However, the existence of a 1905 document granting an easement in the drain purportedly running three rods (slightly less than 50 feet) from the center line on each side of the drain was established. This 1905 release of right-of-way was on file with the Bay County Drain Commissioner. Plaintiff further stated at the hearing that it only wished to use the six-rod width provided in the 1905 release of right-of-way.

Defendants challenged the validity of the 1905 release of right-of-way by asserting that the 1905 property owner never signed the document. The abstract of title indicated that in 1905 the property was owned by Joseph Carl Warner, but the right-of-way was granted by Charles Warner, the son of Joseph Carl Warner. For purposes of the motion, plaintiff conceded the historical facts surrounding the 1905 release and defendants conceded that plaintiff is entitled to the easement as

it actually physically exists (only the approximately 20-foot width of the drain), but to no more than that. The record indicates that defendants acquired title in 1972, pursuant to a 1966 land contract.

Since plaintiff has not yet proved a valid conveyance of a right-of-way, the trial court's grant of summary judgment depends upon the 1968 amendment to the Drain Code of 1956 (MCL 280.6; MSA 11.1006), which provides as follows:

"Sec. 6. All established drains regularly located and established in pursuance of law existing at the time of location and establishment and visibly in existence, which were established as drains, and all drains visibly in existence in written drain easements or rights of way on file in the office of the commissioner, shall be deemed public drains located in public easements or rights of way which are valid and binding against any owners of any property interest who became or hereafter become such owners after the location and establishment of the drain or the existence of the drain became visible or the written drain easement or right of way was executed, and the commissioner or drainage board may use, enter upon and preserve such easement or right of way for maintenance of the visible drain and any other lawful activity with respect to the same not requiring a larger or different easement or right of way and may exercise any rights granted in the written easement or right of way on file in the office of the commissioner."

No published judicial decisions have interpreted this statute. Thus, this case presents an issue of first impression in this Court.

Like so many statutes, this one presents a severe challenge to those who would seek its meaning solely from its words. In the grammatical sense, two subjects are involved. First are those established drains which are (1) regularly located and

established in pursuance of the law existing at the time of location and establishment and (2) visibly in existence. Second are those drains visibly in existence in written drain easements or rights-of-way on file in the office of the commissioner. The drain in issue here can be arguably placed in either category.

Plaintiff argued, and the trial court found, that the statute provides plaintiff with an independent basis for asserting a right-of-way to maintain the clearly visible drain. Under the statute, the 1905 conveyance was not needed to provide plaintiff with a right-of-way. Thus, defendants' defenses pertaining to the 1905 right-of-way were not controlling or relevant. Defendants admitted that the lawfully established drain was clearly visible when they took title to the land. In addition, defendants presented no defenses to operation of this portion of the statute as the trial court interpreted it. Consequently, the trial court found summary judgment was appropriate.

We agree with the trial court's interpretation and application of MCL 280.6; MSA 11.1006. The purpose of the statute is to quiet title in land used for the actual flow of water in, and the maintenance of, established public drains. The first provision of the statute cited above creates a public easement for drains regularly located and established in pursuance of law and "visibly in existence". The language of the statute, and a common sense interpretation of legislative intent, do not appear to restrict such a statutory easement to the actual water flow area of the drain. As the trial court noted, visible public drains require more than a drain bed and include a reasonable area for maintaining the drain.

The language of the statute deems these established visible drains as "public drains located in

public easements or rights of way". We conclude that the scope of such public easements or rights-of-way can, pragmatically, include a reasonable area for the maintenance of the public drain. Support for this conclusion is found in MCL 280.74; MSA 11.1074, which states that rights-of-way "shall be deemed to include sufficient ground on each side of the center line of such drain for the deposit of the excavations therefrom".

In summary, this first provision of MCL 280.6; MSA 11.1006 provides for a public right-of-way based solely on the fact of a regularly located and established drain physically visible at the time a property owner takes title. We believe the Legislature intended such a right-of-way to include an area for excavations from the drain and, implicitly, subsequent maintenance activities related to the drain. The physical visibility of the public drain put defendants on notice of plaintiff's interest in the land, and gave them opportunity to inquire into and challenge the extent of plaintiff's interest at the time they acquired title to the land. The asserted invalidity of the 1905 conveyance of a right-of-way is not relevant to the application of MCL 280.6; MSA 11.1006 to plaintiff's interest in this case. Therefore, the trial court's order of summary judgment under GCR 1963, 117.2(2) was proper as a matter of law.

However, the first provision of MCL 280.6; MSA 11.1006 discussed above does not define the specific area included in a public right-of-way for the purpose of maintaining the drain. Thus, under this first statutory provision, a court is required to define a reasonable maintenance area which constitutes plaintiff's right-of-way. We do not believe that this Court, on this record, is the appropriate forum in which to review and decide the factual

issues involved in defining the scope and extent of plaintiff's maintenance easement.

However, the second provision of the statute cited above allows us to avoid this problem in this case. This second provision creates a valid public easement for drains "visibly in existence in written drain easements or rights of way on file in the office of the commissioner". Whether valid or not, the 1905 release of right-of-way involved in this case was on file in the office of the Bay County Drain Commissioner and, thus, under the second cited provision of the statute, is deemed a valid public easement. We agree with the trial judge that this provision of the statute was intended to cure any defects and quiet title in rights-of-way on file with the drain commissioner. If, as defendants argue, this provision only applies to already valid grants of rights-of-way, it would serve no purpose, since such grants would be valid without the statute. We refuse to interpret the statute in a way that causes it to serve no purpose.

As the statute states, the scope of the easement created under this second provision is that found in the written right-of-way on file with the drain commissioner. In this case, the parties agree that the specifications of the original drain project called for, and the 1905 release of a right-of-way granted, a distance of three rods from the center of the drain for the purpose of maintenance. Plaintiff states that this is all that is required for its maintenance procedures. Plaintiff also states that this easement has been adequate for the prior two maintenance operations in 1947 and 1951 that have been performed on the drain since its construction in 1905. We conclude that the trial judge properly granted plaintiff the three rod right-of-way in his order of summary judgment based on this second provision of MCL 280.6; MSA 11.1006.

In arriving at this conclusion, we also note that defendants' argument that, even if the statute validates the 1905 release of right-of-way, plaintiff was obligated to record the release with the register of deeds is without merit. As noted in *Hodgeson v Genesee County Drain Comm'r,* 52 Mich App 411; 217 NW2d 395 (1974), *lv den* 391 Mich 843 (1974), there is no need to record grants of easements that existed prior to 1955, when the law requiring recording was enacted.

Affirmed.