### DEFNET v. CITY OF DETROIT.

1. TRESPASS—VACATION OF ALLEY—CONTINUANCE OF ACTIVE SEWER —CONTINUING TORT.

   The maintenance of an active sewer beneath land after alley which had traversed it had been vacated without retention of any rights constitutes a trespass, since the failure to remove or block off such a sewer creates a continuing tort.

2. EASEMENTS—SEWERS—PRESCRIPTIVE RIGHT—VACATED ALLEY— KNOWLEDGE OF OWNER.

   No prescriptive right of city to maintain an active sewer in land, formerly used as an alley where vacation thereof was had without retention of any rights in the alley, could begin by adverse user until the owners of the land first learn of the existence of the sewer (CL 1948, § 609.13).

3. LIMITATION OF ACTIONS—CONTINUING WRONGFUL ACTS.

   Recovery is not barred for continuing wrongful acts within the period limited by the statute of limitations (CL 1948, § 609.-13).

4. TRESPASS—CONTINUANCE OF ACTIVE SEWER—DAMAGES—DIMINUTION OF VALUE.

   Diminution in value of property as a result of the presence of an

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 38 Am Jur, Municipal Corporations, § 633.
[4] 17 Am Jur, Drains and Sewers, § 55.
[5] 38 Am Jur, Municipal Corporations, § 571 et seq.
[6] 38 Am Jur, Municipal Corporations, §§ 673, 676, 682.
[6] Necessity of presenting claims against municipality for damaging property. 52 ALR 639.

active sewer is a proper item of damages in action against city for continued maintenance of such sewer after vacation of alley in which sewer had been laid, there being no rights retained at time of vacation.

5. MUNICIPAL CORPORATIONS—GOVERNMENTAL FUNCTION—TORTS.
The tortious taking of private property by a city cannot be excused by calling it the exercise of a governmental function.

6. SAME—CLAIM—CHARTERS.
Conditions precedent to proceeding against city, prescribed by charter, were complied with by plaintiffs, where they first duly presented a claim to common council (Detroit Charter, title 6, ch 7, § 11).

7. SAME—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.
Judgment for defendant city notwithstanding verdict for plaintiff property owners in action for damages arising from maintenance of active sewer in vacated alley is vacated and cause remanded for entry of judgment on verdict, where latter is supported by evidence.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 11, 1949. (Docket No. 58, Calendar No. 44,323.) Decided March 1, 1950.

Bill by William A. Defnet and wife against City of Detroit to compel removal of sewer. Case transferred to law side of court. Declaration by plaintiffs against defendant for damages caused by sewer. Verdict for plaintiffs. Judgment for defendant *non obstante veredicto*. Plaintiffs appeal. Reversed and remanded for entry of judgment on the verdict.

*Charles F. Ives,* for plaintiffs.

*Raymond J. Kelly,* Corporation Counsel, and *Leo E. LaJoie,* Assistant Corporation Counsel, for defendant.

BUSHNELL, J. Dr. William A. Defnet and Ida Franke Defnet, his wife, are the owners of and have

occupied residential property at 39 Lawrence avenue in the city of Detroit since 1924. The legal description of this property is:

"The westerly 30 feet of lot 99 and east 20 feet of vacated alley lying west of and adjoining said lot 99, Greenlawn subdivision, being the south 682 feet of 1/4 section #25, 10,000 acre tract, according to the plat thereof recorded April 30, 1891, in liber 15 at page 58 of plats in the office of the Wayne county register of deeds."

In 1901, defendant city of Detroit constructed a sewer running in an easterly and westerly direction under the alley between Lawrence and Collingwood avenues. In the rear of the Defnet property, about 200 feet west of Woodward avenue, this sewer turns northerly under what is now the east 20 feet of the vacated alley above mentioned.

When Greenlawn subdivision was platted, the lots on Woodward avenue were 200 feet deep. In 1915, the alley behind the Woodward frontage was vacated. In lieu thereof the city obtained a quitclaim deed to a new alley 100 feet east of the vacated alley. The resolution of the common council pertaining to the matter contains no reservation of rights. The sewer under the vacated alley was never removed nor blocked off, and still serves a large number of homes in the subdivision.

The Defnet home, erected in 1923, was purchased by them in 1924. Their abstract of title merely recited the vacating of the alley and did not refer to the sewer. The Defnets' first knowledge of any sewer was when they obtained a deed in 1928. They were then informed by their grantor that there was a "blocked off" sewer beneath their property. The following year cracks appeared in their house and it began to settle. Later, other damage developed, and continued as late as 1944. Refilling was re-

quired in the rear of the lot, and obnoxious fumes leaked from the fireplace. Also, screens had to be refitted, a stone window-ledge replaced, and masonry repaired. In 1941, a cave-in occurred in the back yard.

Continual inquiries made at the city engineer's office and elsewhere were without avail. Finally in 1944 the department of public works sent a crew to investigate the supposed blocked-off sewer. The foreman reported that he found the "sewer" in perfect condition, and said that the condition complained of was of no concern to the city, but was a private matter. The Defnets then learned for the first time that the "sewer" had not been blocked off, but was an active one running under their house. They later employed a private contractor to make the necessary repairs.

The city completed the work begun by the private contractor and repaired a broken sewer connection. The Defnets were asked to pay $298 for this work, which they refused, and the city instituted an action in the common pleas court.

The Defnets then presented a claim to the common council on April 23, 1945, seeking an abandonment of the common pleas suit and the payment of the damages which they had sustained. The council denied a hearing and refused their claim. Plaintiffs, about two months later, filed a bill in equity.

The parties accepted the action of the pretrial judge, who said the court would not order a removal of the sewer because the city always has the right to condemn for an easement. He transferred the cause to the law side of the court, where it was consolidated with the city's counterclaim. In doing so he said plaintiffs could there "obtain full redress in damages." The trial judge instructed the jury on this phase of the matter.

The jury awarded plaintiffs damages in the sum of $5,000, which verdict was set aside by the trial judge and a judgment entered for defendant.

The trial judge determined that the city was not liable for negligence because of the faulty sewer connection; that the statute of limitations had run; that the city was engaged in a governmental function and immune from it; and that the charter prerequisites to suit had not been met.

The maintenance of an active sewer since 1915 beneath plaintiffs' lands constitutes a trespass. Although the sewer line break was under the Defnet property, that does not relieve the city from the damages caused by its trespass. The city did not retain any rights in the vacated alley. The failure of the city to remove or block off the active sewer created a continuing tort.

No prescriptive right was acquired by the city because its adverse use could not have begun until 1944, when the Defnets first learned of the existence of the active sewer. *McCracken* v. *MacNeal,* 169 Mich 414.

Where there are continuing wrongful acts within the period limited by the statute (CL 1948, § 609.13 [Stat Ann § 27.605]), recovery is not barred. *Longton* v. *Stedman,* 196 Mich 543. See, also, *Grand Rapids & Indiana R. Co.* v. *Heisel,* 47 Mich 393; *Phelps* v. *City of Detroit,* 120 Mich 447; *Long* v. *New York Central R. Co.,* 248 Mich 437; and *Bator* v. *Ford Motor Co.,* 269 Mich 648, 669.

Damages were also properly awarded for diminution in value of the Defnet property as a result of the presence of the active sewer. See *Strong* v. *Neidermeier,* 230 Mich 117.

The city cannot excuse its tortious taking of private property by invoking the shibboleth of governmental function. *Pennoyer* v. *City of Saginaw,* 8 Mich 534; *Ostrander* v. *City of Lansing,* 111 Mich

693; *Seaman* v. *City of Marshall,* 116 Mich 327; and *Bator* v. *Ford Motor Company, supra,* and authorities cited in the foregoing decisions.

Plaintiffs amply complied with the conditions precedent to their suit required by title 6, chapter 7, § 11 of the city charter.

The evidence supports the verdict of the jury. The judgment entered notwithstanding the verdict is vacated and the cause remanded for entry of a judgment upon the jury's verdict. Costs to appellants.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.