**Jack LEAF and Marvin Gunnufson, Appellants,**

v.

**UNITED STATES of America, and Morris Bean, Appellees.**

**No. 76–1626.**

United States Court of Appeals, Ninth Circuit.

Dec. 26, 1978.

* The Honorable William J. Jameson, United States District Judge for the District of Montana, sitting by designation.

Walter J. Lack, Los Angeles, Cal., for appellants.

James Stotter, II, Asst. U. S. Atty., Los Angeles, Cal., for appellees.

Before GOODWIN and TANG, Circuit Judges, and SOLOMON *, District Judge.

GOODWIN, Circuit Judge:

Plaintiffs, owners of an aircraft damaged in Mexico, appeal from a summary judgment in favor of defendant United States. We reverse and remand.

Leaf and Gunnufson brought an action against Bean for negligence, and against the United States under 28 U.S.C. § 1346(b),[1] on theories of negligence and

---

* The Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation.

1. Section 1346(b) provides in relevant part:

"* * * [T]he district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the

*respondeat superior.* They charge that the government was negligent because the Drug Enforcement Agency (DEA) failed to supervise and control Bean, its agent, who leased and used the plaintiff's airplane. Unresolved fact questions on the merits had to do with the proximate cause of the loss and the relationship of Bean and his aerial mission to the government.

The United States moved for summary judgment, alleging that 28 U.S.C. § 2680(k)[2] deprived the district court of jurisdiction because plaintiffs' claim arose "in a foreign country". The court granted the summary judgment on that ground, holding that the damage to the leased plane was proximately caused by acts occurring wholly in Mexico. Plaintiffs then dismissed against Bean, and pursued this appeal.

Church, a suspected drug smuggler, got in touch with Bean, an informant for the DEA. Plaintiffs assert that Church was responsible for the loss of other planes and that his history was known to the DEA. Church wanted to use an amphibious airplane to smuggle marijuana from Mexico. Leaf and Gunnufson had such a plane in California. Stating a false purpose, Bean and Church leased it from plaintiffs.

Bean informed the DEA of the scheme, but the details of the Bean–DEA relationship are unclear. Plaintiffs assert and the government denies that Bean was acting as the DEA's agent. The parties agree that Leaf and Gunnufson did not know the true purpose for which the plane was leased.

After completing the lease agreement, Bean and Church first flew the plane to Arizona and then to Mexico. Bean thought the return flight was to be a practice run to test the plane's capabilities for a future marijuana haul. But after he and Church had spent several days in Mexico, armed Mexicans appeared and loaded the plane with marijuana. The plane was overloaded and the takeoff aborted, damaging the

plane so that it could not fly. The plane was then sunk in a reservoir to prevent police from discovering it.

Plaintiffs alleged many negligent acts by the government, and by Bean as a government agent. The principal complaints deal with the planning and execution of the operation, and with Bean's failure to disclose the true purpose of the lease of the plane. The relevant issues of fact are obvious, but, to try them, the court must have jurisdiction.

The acts of alleged negligence occurred in California and Arizona. In granting summary judgment for the United States, however, the district court apparently believed that acts by other persons in Mexico constituted independent, intervening conduct that broke the chain of causation between the acts in the United States and the injury in Mexico. The court held that the acts of nongovernment actors in Mexico were the sole proximate cause of the injury and loss. Plaintiffs' claims were therefore held to arise in a foreign country for purposes of Section 2680(k). The court also "found" that Bean was not an agent of the United States.

At common law, there was no action for negligence until there was actual damage. But a tort claim against the United States under Section 2680(k) "arises" where the negligent acts occur, if those acts proximately cause damage. The place of the accident, loss, or injury, therefore, is not necessarily controlling.

In *Richards v. United States,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962), the Supreme Court held that government liability for negligence under Section 1346(b) was to be decided under the law of the place in which the negligent act or omission occurred and not the place in which the act or omission had its "operative effect". 369 U.S. at 10, 82 S.Ct. 585. This court, in

United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

2. Section 2680(k) provides that Section 1346(b) is not applicable to "[a]ny claim arising in a foreign country."

*Roberts v. United States*, 498 F.2d 520, 522 n. 2 (9th Cir.), *cert. denied*, 419 U.S. 1070, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974), determined, for purposes of the jurisdiction limitation of Section 2680(k), that a tort claim arises where the negligent act or omission occurred. In *Manemann v. United States*, 381 F.2d 704 (10th Cir. 1967), the court held that where negligent acts in Taiwan resulted in injury in the United States, the claim arose in a foreign country for purposes of Section 2680(k).

In the case of *In re Paris Air Crash of March 3, 1974*, 399 F.Supp. 732 (C.D.Cal. 1975), plaintiffs, who were injured in an airplane crash, alleged that governmental negligence in California proximately caused the injury in France. Citing *Richards* and *Roberts*, the district court held that plaintiffs' claims did not arise in a foreign country. 399 F.Supp. at 737–38. We agree.[3]

All the cases cited by the government involved negligent acts (as well as injuries) in foreign countries, and are consistent with *Richards, Roberts,* and *In re Paris Air Crash*. A claim "arises", as that term is used in Sections 1346(b) and 2680(k), where the acts or omissions that proximately cause the loss take place.

■ The district court erred in deciding the proximate-cause question on a motion for summary judgment. Generally, proximate cause is a question of fact. *See Lieberman v. Matson Navigation Co.*, 300 F.2d 661 (9th Cir. 1962). It becomes a question of law only "if the proof is insufficient to raise a reasonable inference that the act complained of was the proximate cause of the injury. * * *" *Rexall Drug Co. v. Nihill*, 276 F.2d 637, 645 (9th Cir. 1960).

■ On summary judgment, inferences from the facts must be drawn most favorably to the nonmoving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct.

1598, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The allegations of negligent acts in this country, and of the government's knowledge about Church and Bean, were sufficient to raise reasonable questions about agency and proximate cause.

■ In improperly resolving disputed factual issues against the nonmovant, the district court adopted verbatim all the government's proposed findings of fact and conclusions of law. We recently disapproved this practice, even when the trial court was not bound to draw all inferences in favor of one party. *Photo Electronics Corp. v. England*, 581 F.2d 772, 776–77 (9th Cir. 1978).

Here, when plaintiffs were entitled to the benefit of every factual doubt, such adoption was impermissible. Facts were alleged from which a trier might reasonably find proximate cause running from acts in this country to the damages suffered in Mexico. Such a finding would preclude dismissal on jurisdictional grounds. We express no opinion on the merits of these and other questions of fact, or on the defenses that might be asserted. The claim did not necessarily "arise in a foreign country" under the uniform interpretation of that statutory language by the courts, and summary judgment was improper.

Reversed and remanded.

---

3. Under *Richards*, the district court will use California choice-of-law rules. We presume California would apply its own substantive law. *Hurtado v. Superior Court of Sacramento County*, 11 Cal.3d 574, 114 Cal.Rptr. 106, 552 P.2d 666 (1974). *See also Diamond Mining and Management, Inc. v. Globex Minerals, Inc.*, 421

F.Supp. 70, 74 (N.D.Cal.1976). We need not decide, therefore, whether application of Mexican law to the facts of this case would contravene the legislative intent of Section 2680(k). *See United States v. Spelar*, 338 U.S. 217, 221, 70 S.Ct. 10, 94 L.Ed. 3 (1949).