**Alice GERRITSON, Plaintiff,**

v.

**Cyrus R. VANCE, as Secretary of State of the United States of America, Defendant.**

Civ. A. No. 78–1902–MA.

United States District Court, D. Massachusetts.

March 20, 1980.

Daniel F. Lenzo, Abraham & Pappas, Boston, Mass., for plaintiff.

Richard D. Glovsky, Asst. U. S. Atty., Boston, Mass., for defendant.

---

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This is a tort case arising from an incident on the grounds of the United States Embassy at Lusaka, Zambia on July 10, 1975. The plaintiff was allegedly injured when the embassy gate struck her as she was opening it for a driver. She claimed the injuries resulted from the negligence of the Government employee driving the vehicle or of an unnamed official responsible for faulty brakes. A claim was submitted against the United States pursuant to 28 U.S.C. § 2672 and 22 U.S.C. § 2669(f), which together,[1] authorize administrative resolution of tort claims arising in connection with State Department operations abroad. The claim was denied initially, and the Department affirmed the decision on reconsideration on February 2, 1978.

The plaintiff now seeks review of the damages claim under 5 U.S.C. § 702 as not based on substantial evidence. She also attacks the administrative procedures of the Department established under 22 C.F.R. 31.0 *et seq.* as inherently unfair because of a fusion of investigative and judicial functions and the lack of an oral hearing. These two features, combined, she claims, deny her due process of law. The case is now before the Court on the defendant's motion to dismiss, or, in the alternative, for judgment on the pleadings.

■ For purposes of a motion to dismiss, all averments of the plaintiff's complaint are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421–422, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969); *O'Brien v. DiGrazia*, 544 F.2d 543, 545 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977). A complaint should not be dismissed if the plaintiff is entitled to relief under any set of facts proven. *Harper v. Cserr*, 544 F.2d 1121 (1st Cir. 1976).

■ On the issue of review, the plaintiff's complaint is deficient. The accident in question occurred in a foreign country within the meaning of the Federal Tort Claims Act, 28 U.S.C. § 1346(b). *See Meredith v. United States*, 330 F.2d 9 (9th Cir. 1964); *United States v. Spelar*, 338 U.S. 217, 221, 70 S.Ct. 10, 12, 94 L.Ed. 3 (1949); *see also Leaf v. United States*, 588 F.2d 733 (9th Cir. 1978); *Manemann v. United States*, 381 F.2d 704 (10th Cir. 1967). Since the claim arose in a foreign country, the District Courts have no jurisdiction to review it. *See Bryson v. United States*, 463 F.Supp. 908 (E.D.Pa.1978); *Morrison v. United States*, 316 F.Supp. 78 (M.D.Ga. 1978). This bar is explicitly imposed by statute. 28 U.S.C. § 2680(k). The rationale is that since claims under the Act are governed by the law of the place where the accident occurred, 28 U.S.C. § 1346(b), Congress has been unwilling to subject the United States to liabilities depending on foreign laws. *See United States v. Spelar, supra*, 338 U.S. at 221, 70 S.Ct. at 12. However unfair the result may seem at times, the courts must abide by this intention. *Id.* Moreover, although under 28 U.S.C. § 2672 and § 2669(f) Congress has established procedure whereby the State Department may *administratively* settle foreign claims, there is no basis for finding federal court jurisdiction here to review those decisions. 22 C.F.R. 31.10 (no judicial review if administrative claim is denied). The plaintiff attempts to assert jurisdiction under 5 U.S.C. § 702, which enunciates a general right of review of administrative action, but it is settled that the section does not provide an independent basis for federal jurisdiction in federal court. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). While judicial review of agency action is preferred, access to the courts will be restricted if, as here, there is clear and convincing evidence of Congressional intent. *Toilet Goods Association v. Gardner*, 387

---

1. Under 28 U.S.C. § 2672 federal agencies may resolve administratively tort claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 *et seq.* While under 28 U.S.C. § 2680(k), claims arising in a foreign country are specifi-

cally barred under the Act, Congress has authorized the Secretary of State to settle such claims administratively in this manner. 22 U.S.C. § 2669(f).

U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967).

█ The plaintiff's due process attack on the procedures for settling the claims is slightly more problematic. See 22 C.F.R. 31.0 *et seq.* Her argument proceeds on three levels. First she contends that she was denied an opportunity to present "relevant evidence." This contention is not supported by the file, however, since she was able to submit a wealth of documents and statements about the incident and its aftermath. In addition to a statement of the claim, Mrs. Gerritson submitted documentation of medical treatment, lost wages, future medical expenses, loss of earning capacity and emotional distress, medical reports, and a memorandum of law. Statements and affidavits of parties present were also submitted. A full opportunity to present her case was therefore afforded. The Department's regulations, moreover, specifically encourage and require this documentation. 22 C.F.R. 31.4. The attack on the "fusion of functions" aspect of the procedures is similarly unsubstantiated, since the mere combination of investigative and adjudicative functions does not in itself violate due process. *Withrow v. Larkin,* 421 U.S. 35, 47–54, 95 S.Ct. 1456, 1464–68, 43 L.Ed.2d 712 (1977); *Richardson v. Perales,* 402 U.S. 389, 410, 91 S.Ct. 1420, 1431, 28 L.Ed.2d 842 (1970). The plaintiff does not allege any specific prejudice from the procedures which might give rise to a due process claim, and without such a demonstration or show of a similar disabling conflict, the mere necessity of gathering, then passing on evidence submitted does not impugn the presumed fairness of the procedure. *Withrow v. Larkin, supra.*

What is left, then, is the claim that due process was denied for lack of an *oral* hearing. At the outset, the defendant contends that there is *no liberty or property interest* requiring the invocation of minimum constitutional procedures. While it is true that there is no common law right "to be free [from] injury whenever the State may be characterized as the tortfeasor," *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160,

47 L.Ed.2d 405 (1975), *reh. denied,* 425 U.S. 985, 96 S.Ct. 2194, 48 L.Ed.2d 811 (1975), the administrative provisions created by Congress established at least a right to bring claims of foreign origination. Once that right is established, it cannot be dealt with arbitrarily. *Cafeteria Workers Union v. McElroy,* 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961).

█ At the same time, the due process clause does not require a trial-type hearing in every instance. *Boddie v. Connecticut,* 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1970); *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950). Rather, the key is flexibility, and what procedures are due depend on the nature of the government function and the private interest involved. *Richardson v. Perales, supra,* 402 U.S. at 404, 91 S.Ct. at 1428; *Goldberg v. Kelly,* 397 U.S. 254, 262, 263, 90 S.Ct. 1011, 1017, 1018, 25 L.Ed.2d 287 (1970). In this case, the plaintiff cannot complain that she was denied an opportunity to present her case before her interest was finally terminated. *Cf. Withrow v. Larkin, supra.* On the contrary, under 22 C.F.R. 31.4, a careful procedure was followed before any determination was made at all. As with all claimants under the section, the plaintiff was required to file appropriate forms disclosing the nature of the injury, damages, and all facts and circumstances surrounding the case. Under 22 C.F.R. § 31.4(d)(3) she was specifically encouraged to include statements from disinterested parties, written reports from physicians, and itemized bills for medical services. The Bureau of the Legal Advisor examined her claim, informed her of the initial decision, and gave her an opportunity to respond before final reconsideration.

In view of the plaintiff's assertion of a right to an oral hearing, we must look realistically at whether such a procedure would have aided her cause. Certainly, there is no due process requirement that the claimant confront those submitting proof contrary to her case, as the rule of evidence and confrontation are not strictly applicable in an

administrative setting. *Richardson v. Perales, supra,* 402 U.S. at 402, 91 S.Ct. at 1427; *Cafeteria Workers Union v. McElroy, supra,* 367 U.S. at 895, 81 S.Ct. at 1748. The written reports alone were sufficient to support an administrative determination of her claim. *Richardson v. Perales, supra,* 402 U.S. at 405, 91 S.Ct. at 1429. Moreover, it is doubtful that an oral presentation would have aided her either in this task, due to the difficulty of gathering disparate witnesses, or provided her with a fuller opportunity to add to an already substantial written record. After being informed of the basis for the Secretary's initial decision, the plaintiff had a second opportunity to respond.

We must also carefully consider the real and substantial burdens which additional procedures would impose on a far flung agency such as the State Department. *Withrow v. Larkin, supra.* Requiring hearings abroad or in this country would be wasteful and time consuming in view of the practical problems of locating witnesses and establishing proper venue. Where the value of achieving greater accuracy is especially speculative, the magnitude of increasing the administrative burden on the Department must assume a pivotal importance. *Withrow v. Larkin, supra.* The Congress, in opening the liability of the Government to foreign claims, carefully chose an administrative procedure which would deal with asserted invasions of personal rights and at the same time not unduly burden State Department operations. Since the plaintiff's interests have been adequately protected, we cannot second guess the legislature and say that more is required.

For the foregoing reasons, the defendant's motion for judgment on the pleadings should be allowed and the plaintiff's action dismissed.

So ordered.