**Ruth and Robert GRUNCH, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 81–10105.**

United States District Court, E. D. Michigan, N. D.

Feb. 18, 1982.

Frank W. Brochert, Plunkett, Cooney, Rutt, Watter, Stanczyk & Pederson, P. C., Detroit, Mich., for plaintiffs.

Michael J. Hluchaniuk, Asst. U. S. Atty., E. D. Mich., Bay City, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

Plaintiffs brought this action under the Federal Torts Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.* ("FTCA"), alleging a cause of action for "wrongful life." *See generally* Am.Jur.2d, New Topic Service, *Right to Die; Wrongful Life,* Section 70 (1979). The matter is presently before the Court on the government's motion to dismiss for lack of subject matter jurisdiction.

The essential facts of this action are not in dispute. Robert Grunch is a career N.C.O. employee of the United States Air Force. Ruth Grunch, a civilian, is his wife. In 1971 at a United States military base in Berlin, Germany, Mrs. Grunch underwent a sterilization procedure known as a tubal ligation. A year later, the military physician who had performed the sterilization procedure gave Mrs. Grunch a test known as a hysterosalpingogram as part of a study of sterilized women in which she agreed to participate. This test apparently involved injecting the patient with a dye to determine the success of the surgical procedure. Mrs. Grunch was never informed as to the results of this test.

Subsequently, Mr. and Mrs. Grunch came to be stationed at Wurtsmith Air Force Base in Oscoda, Michigan. In 1977 Mrs. Grunch, after experiencing some interuterine discomfort, consulted a physician at the base and, as part of his consultation, asked if it was possible for her to become pregnant. The doctor allegedly reviewed Mrs. Grunch's medical records, including the results of her hysterosalpingogram, and later informed her that she could not become pregnant. Less than two years later, Mrs. Grunch was informed that she was pregnant.

The government has moved to dismiss plaintiffs' complaint citing a specific statutory exemption in the FTCA, 28 U.S.C. § 2680(k), which provides:

The provisions of this chapter and section 1346(b) of this title shall not apply to—

. . . . .

(k) Any claim arising in a foreign country.

In response to this motion the plaintiffs assert that the "foreign country" exemption does not apply because their cause of action is in the nature of a "continuing tort," wherein acts of negligence took place in the United States as well as in Germany.

*Discussion*

The FTCA constitutes a waiver of the federal government's sovereign immunity, which otherwise would bar any and all actions for money damages against the United States. *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). In the case of torts committed by military physicians, the exclusive remedy must be based on a cause of action under the act pursuant to 10 U.S.C. § 1089(a) which provides in pertinent part:

> The remedy against the United States provided by sections 1346(b) and 2672 of title 28 for damages for personal injury . . . caused by the negligent or wrongful act or omission of any physician . . . of the armed forces . . . shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against such physician . . .

While this subsection of the FTCA would appear to provide plaintiffs with a jurisdictional basis for proceeding in this Court on the present cause of action, the "foreign country" exemption of the FTCA, *supra*, takes that jurisdictional basis away.

In *United States v. Spelar*, 338 U.S. 217, 70 S.Ct. 10, 94 L.Ed. 3 (1949) the Supreme Court had an opportunity to consider the "foreign country" exemption of the FTCA. In summarizing its decision that a flight engineer's administratrix was barred from bringing a wrongful death action against the government for an accident occurring on a military airbase in Newfoundland, the Court stated:

> . . . though Congress was ready to lay aside a great portion of the sovereign's ancient and unquestioned immunity from suit, it was unwilling to subject the United States to liabilities depending upon the laws of a foreign power. The legislative will must be respected.

*Id.* at 221, 70 S.Ct. at 12. This holding has been reaffirmed in subsequent cases by several lower federal courts. *Leaf v. United States*, 588 F.2d 733 (CA 9, 1978); *Manemann v. United States*, 381 F.2d 704 (CA 10, 1967); *Gerritson v. Vance*, 488 F.Supp. 267 (D Mass., 1980); *Bryson v. United States*, 463 F.Supp. 908 (ED Pa., 1978); *In Re Paris Air Crash*, 399 F.Supp. 732 (CD Cal., 1975).

*Manemann v. United States, supra,* involved a similar factual setting as the present case. Plaintiff, asserting jurisdiction under the FTCA, sought damages from the government for injuries allegedly caused by the negligence of a military medical staff member in Taiwan. The plaintiff had been tested for tuberculosis and advised that he was not infected with the disease while he was in Taiwan. Three years later, while residing in Colorado, the presence of tuberculosis was established and radical surgery was required. In order to avoid the bar of the "foreign country" exemption, 28 U.S.C. § 2680(k), plaintiff argued that his claim arose in Colorado where the damage actually appeared. The Court rejected that argument and held that:

> Although an act of negligence, here the misdiagnosis, is not actionable without damage it is apparent that after damage occurs *the initial premise of the tort is the act of negligence.* The liability of the United States for the completed tort shall be "in accordance with the law of the place where the act or omission (negligence) occurred." 28 U.S.C. 1346(b). These statutory words "command application of the law of the place where the negligence occurred" and dispose of any conflict of law question in the first instance. *Richards v. United States*, 369 U.S. [1] at p. 9 [82 S.Ct. 585, 7 L.Ed.2d 492]. Appellant's claim is thus dependent upon the law of Taiwan, a foreign country, and falls within the exclusionary provision of section 2680(k). *Id.* at 705. (emphasis added)

The foregoing decision disposes, in part, of plaintiffs' attempt in this case to avoid the effect of the "foreign country" exemp-

tion of the FTCA. Plaintiffs assert that the damage suffered by them—the unexpected birth of a child—was the result of a "continuing tort" in which acts of negligence occurred both in Germany and in the United States. As impliedly suggested in *Manemann, supra,* however, the initial premise, or causal foundation, of the wrong which plaintiffs allege, is the negligent sterilization procedure which occurred in Germany. The act of negligence which allegedly took place in the United States, flowed directly from the acts occurring in Germany, and, assuming plaintiffs' allegation to be true, was relatively minor in proportion. It certainly was not the "cause in fact" of the later pregnancy. Therefore, the entire claim must fall within the exemption of 28 U.S.C. § 2680(k).

 In support of their "continuing tort" theory plaintiffs cite the case of *Defnet v. City of Detroit,* 327 Mich. 254, 41 N.W.2d 539 (1950) for the proposition that "under Michigan law, negligent acts and omissions can constitute a continuing tort." Plaintiffs are correct that under the FTCA the law to be applied is the law of the place in which the negligent act or omission occurred. *Richards v. United States,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). Michigan law would therefore be the source of authority for deciding the validity of plaintiffs' "continuing tort" theory. However, Michigan law does not recognize a "continuing negligence" cause of action which suffices to override the "foreign country" exemption of the FTCA, or this Court's resulting lack of subject matter jurisdiction.

In *Proctor & Schwartz Inc. v. United States Equipment Co.,* 624 F.2d 771, 773 n. 3 (CA 6, 1980), the Sixth Circuit observed that Michigan courts have only found certain acts, "such as trespass and nuisance," to be continuing torts. They have not recognized a "continuing negligence" cause of action. Moreover, the recognition of trespass and nuisance as somehow "continuing," came only in the context of a statute of limitations analysis, not a proximate cause analysis. *See Defnet v. City of Detroit,* 327 Mich. 254, 41 N.W.2d 539 (1950)

(trespass); *Hodgeson v. Genesee County Drain Commissioner,* 52 Mich.App. 411, 217 N.W.2d 395 (1974) (nuisance).

 For all the foregoing reasons, the Court finds that the "foreign country" exemption of the FTCA, 28 U.S.C. § 2680(k), applies to this action and operates to divest this Court of subject matter jurisdiction.

Since the Court lacks jurisdiction over plaintiffs' claims under the FTCA, it likewise lacks jurisdiction over any "derivative" claims of Mr. Grunch allegedly arising therefrom. To the extent that any remaining claims of Mr. Grunch can be viewed as "direct" causes of action, they are barred by the "incident to service" exemption of *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). *See also Harten v. Coons,* 502 F.2d 1363 (CA 10, 1974), *cert. denied,* 420 U.S. 963, 95 S.Ct. 1354, 43 L.Ed.2d 441 (1975).

Accordingly, the government's motion is GRANTED and this action is hereby DISMISSED.

IT IS SO ORDERED.