SCOTT v MONROE COUNTY BOARD OF ROAD COMMISSIONERS and SCOTT v STATE OF MICHIGAN, Nos. 87825, 87826, 5/March 1991. The cause having been briefed and orally argued, the order of October 24, 1990, 436 Mich 880, granting leave to appeal is vacated, and leave to appeal is denied because the Supreme Court is no longer persuaded that the questions presented should be reviewed. Court of Appeals Nos. 108566, 108567.

BOYLE, J. I would resubmit this matter for further briefing on the question of the significance under the discovery rule of the language in *Larson v Johns-Manville Sales Corp,* 427 Mich 301, 319 (1986), that

the statute of limitations period begins to run on the date the plaintiff knew or should have known of his "disease."

MALLETT, J. This case involves the issue whether the continuing wrongful acts doctrine will prevent the accrual of a cause of action which would otherwise be time barred by the relevant period of limitations.

The primary question in this case is the date of accrual of the plaintiffs' tort claim. From November 1977 to May 1984, the plaintiff/employee was exposed to chlorine fumes while employed by defendant Monroe County. Plaintiffs brought suit in 1984. The applicable period of limitation for this employee's tort claim is three years.[1] MCL 600.5827; MSA 27A.5827 provides:

Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. . . . [T]he claim accrues at the time of the wrong upon which the claim is based was done regardless of the time when damage results.

The defendants claim that the cause of action accrued on December 6, 1979, when the plaintiff/employee was first injured. The defendants further claim that since plaintiffs brought suit in 1984, their cause of action falls outside the applicable limitation period. The plaintiffs argue that the defendants' acts were committed on a continuing basis during the plaintiff/employee's employment term from November 1977 to May 1984. Thus, plaintiffs maintain, that the statute of limitations does not run where the tort is ongoing.

In *Defnet v Detroit*, 327 Mich 254 (1950), this Court recognized that continuing wrongful acts will prevent the accrual of the cause of action. *Defnet* involved a suit against the city of Detroit for property damage to plaintiff's home resulting from a leaking sewer. While this condition continued from 1929 to 1944, plaintiffs brought suit sixteen years after the initial damage. The trial judge found that the statute of limitations had run and set aside the jury's award of damages. This Court reinstated the damages award, stating that "[w]here there are

---

[1] MCL 600.5805; MSA 27A.5805 states:

(1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

* * *

(8) The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property.

(9) The period of limitations is 3 years for a products liability action.

continuing wrongful acts within the period limited by the statute . . . recovery is not barred." *Id.* at 258.

Although the damages in *Defnet* did not involve personal injury, as in this case, I see no reason why the continuing wrongful act doctrine should be limited to property damage cases. Moreover, the applicable limitation period in this case applies to "action[s] to recover damages for injuries to persons *or* property." MCL 600.5805(1); MSA 27A.5805(1). (Emphasis added.)

Statutes of limitation are guidelines to be employed not only for protecting the rights of the parties, but also for convenience and judicial economy. I recognize the necessity of encouraging plaintiffs to promptly commence employment-related personal injury actions. See *Larson v Johns-Manville Sales Corp,* 427 Mich 301 (1986). However, period of limitation which protect against stale or fraudulent tort claims should not apply where a defendant's allegedly tortious conduct is of a continuing nature.

For the foregoing reasons, I dissent.

Reconsideration denied October 17, 1991.