996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carlos FIGUEIRAS, Plaintiff-Appellant,
v.
F/V TREMONT, Official No. 529154, Its Tackle, Equipment, and
Appurtenances, In Rem; and New Wave Fisheries
Inc., a Washington corporation, In
Personam, Defendants-Appellees.
 
 No. 91-35985.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1993.*
Decided June 16, 1993.
 Before: FARRIS, FERGUSON, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Figueiras appeals from the summary judgment entered in favor of the F/V Tremont and New Wave Fisheries (defendants) on Figueiras' claims of unseaworthiness under general maritime law and negligence under the Jones Act, 46 U.S.C. § 688. Figueiras, who was employed as a deck hand on the Tremont, sustained injuries while transferring boxes of frozen fish from the Tremont to the M/V Bungo Reefer. The district court found that Figueiras failed to raise a genuine issue that the defendants' unseaworthiness and/or negligence proximately caused Figueiras' injuries. We find that Figueiras' statements regarding the circumstances surrounding the accident do raise a genuine issue as to proximate cause, thus we reverse.
 
 
 3
 We review the grant of a summary judgment de novo. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We must determine whether, viewing the evidence in the light most favorable to Figueiras as the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Tzung v. State Farm and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 On the day of his injury, Figueiras and approximately ten other crew members of the Tremont were transferring frozen fish from the Tremont to the Bungo Reefer. The crew members, who were below deck in the fish hold, handed boxes of the frozen fish to each other to load the boxes onto a pallet. The pallet was then hoisted from the hold of the Tremont by a crane located on the Bungo Reefer. As one of the pallets was being hoisted, it swung approximately four feet, striking Figueiras in the tail bone and smashing him up against a wall of boxes. Figueiras states in his deposition that one of the crew members observed the swinging pallet and tried to push him out of the way, but couldn't because Figueiras was flush up against the wall of boxes.
 
 
 5
 The district court found that Figueiras could not prevail on a claim of unseaworthiness or a claim of Jones Act negligence because he failed to provide any facts to support his contention that the defendants' unseaworthy condition or negligent acts proximately cause his injury. "Causation is generally a question of fact for the jury, 'unless the proof is insufficient to raise a reasonable inference that the act complained of was the proximate cause of the injury.' " Lies v. Farrell Lines, Inc., 641 F.2d 765, 770 (9th Cir.1981) (quoting Leaf v. United States, 588 F.2d 733, 736 (9th Cir.1978)).
 
 
 6
 The district court relies on Figueiras' statement that he had "no idea" what caused the pallet to swing to conclude that Figueiras cannot causally connect the defendants' acts to his injuries. Figueiras does not appear to contest that he does not know what caused the pallet to swing, nor does he contest that the crane was owned and operated by the Bungo Reefer.
 
 
 7
 However, Figueiras does contend that the working conditions below deck were a proximate cause of his injuries because they prevented him from escaping from the swinging pallet. First, Figueiras argues that the working space was too confining and that, but for the wall of boxes in his way, he could have avoided the swinging pallet and escaped injury. Figueiras also argues that had the Tremont been properly manned with someone on deck to look out for and warn crew members about any irregular movement by the crane, he would have received a timely warning that the crane was swinging and would have been able to avoid injury. The defendants are apparently aware of the dangers of a swinging pallet since they alert crew members to this possibility in their safety rules. As discussed below, both of these allegations raise a material issue as to the proximate cause of Figueiras' injuries under either a seaworthiness or a negligence theory.
 
 
 8
 "The warranty of seaworthiness is a species of liability without fault." Boudoin v. Lykes Brothers Steamship Co. Inc., 348 U.S. 336, 338 (1955). In order to prevail, an employee of a vessel must show that an unseaworthy condition "played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or reasonably probable consequence of the unseaworthiness." Johnson v. Offshore Express Co., 845 F.2d 1347, 1354 (5th Cir.1988). Conditions that can render a vessel unseaworthy include an insufficient number of crew members to perform a task, the method of loading cargo, and the manner in which cargo is stowed. Usner v. Luckenbach Corp., 400 U.S. 494, 499 (1971). Thus, Figueiras' allegations regarding the crew and the closely stacked boxes of fish could permit a reasonable trier of fact to infer that, but for these unseaworthy conditions, Figueiras could have avoided the swinging pallet.
 
 
 9
 In order to prevail on his claim of negligence under the Jones Act, Figueiras must show that the defendants' negligence played any part, "however small," in causing his injuries. Lies, 641 F.2d at 771. Figueiras contends that the defendants were negligent in providing cramped and crowded working conditions, in failing to train him properly to work below deck, and in failing to staff adequately the crew that was transferring the frozen fish. As the Fifth Circuit has emphasized, the plaintiff's burden to show causation under the Jones Act is "featherweight." Johnson, 845 F.2d at 1352. "Courts should exercise special care in considering summary judgment in Jones Act cases which require a very low evidentiary threshold for submission to a jury." Lies, 641 F.2d at 770. As in his seaworthiness claim, we find that Figueiras has alleged sufficient facts to create a material issue regarding defendants' responsibility for causing his injuries.
 
 
 10
 The district court notes that "at the time of the accident, Figueiras had his back to the pallet, although the safety rules that each crew member is required to read and sign warn against such practice." We express no opinion about whether Figueiras was contributorily negligent. However, we do emphasize that any contributory negligence, if found, would not bar recovery under either a seaworthiness claim or the Jones Act. Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 431 (1939). Rather, any negligence by Figueiras could only be relied on to mitigate damages. Id.
 
 
 11
 Figueiras also contends that he should have been allowed to submit as evidence the affidavit of his expert witness, Gunnar Olsborg. We review a district court's decision to exclude evidence for an abuse of discretion. Burgess v. Premier Corp., 727 F.2d 826, 833 (9th Cir.1984). The district court excluded the affidavit both because it was untimely and because it offered nothing more than conclusions of law. The district court did not abuse its discretion. The affidavit apparently was not submitted in a timely fashion and moreover does not elucidate any material issue in Figueiras' case.
 
 
 12
 We find that Figueiras' statements raise material issues as to the defendants' liability. We REVERSE and REMAND to the district court for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3