ASHER v EXXON COMPANY, USA

Docket No. 140366. Submitted March 10, 1993, at Detroit. Decided
July 19, 1993, at 9:25 A.M.

Farmer and Lucy M. Asher brought a products liability action in
the Wayne Circuit Court against Exxon Company, U.S.A., and
others, seeking damages for injuries sustained by Farmer Asher
as a result of exposure during employment to various industrial
adhesives and cleaning solvents manufactured and sold by the
defendants. After the plaintiffs settled with the other defen-
dants, the trial court, John H. Gillis, Jr., J., granted summary
disposition for Exxon, finding the claim barred by the statute of
limitations. The plaintiffs appealed.

The Court of Appeals *held:*

1. A cause of action for damages arising out of tortious injury
to a person accrues when all the elements of the cause of action
have occurred and can be alleged in a proper complaint. A
cause of action for products liability accrues when the plaintiff
discovers, or through the exercise of reasonable diligence
should discover, an injury and its likely cause, not at the time
of exposure to the product or at the time of diagnosable injury.

2. The continuing-wrongful-acts doctrine, which provides that
continuing wrongful acts occurring within the period of limita-
tion prevent the accrual of an action until the most recent
exposure to the product, does not toll the period of limitation in
a products liability action until the most recent exposure to the
product.

3. The plaintiffs' claims, which were filed after July 1988,
were barred by the applicable three-year statute of limitations,
because Farmer's first exposure to the defendant's product

REFERENCES

Am Jur 2d, Actions § 88; Limitation of Actions § 136; Products
Liability § 919.

Statute of limitations: running of statute of limitations on products
liability claim against manufacturer as affected by plaintiff's lack
of knowledge of defect allegedly causing personal injury or dis-
ease. 91 ALR3d 991.

Statute of limitations: when cause of action arises on action against
manufacturer or seller of product causing injury or death. 4
ALR3d 821.

occurred in July 1985 and he admitted that at the time he first developed symptoms of illness in the late 1970s, he believed that his symptoms were caused by the chemicals he used at work.

4. The trial court erred in finding that because Farmer was able to work he was not mentally deranged. However, the evidence does not support the plaintiffs' claim that, as a result of exposure to the defendant's product, Farmer was deranged at the time his claim accrued and, therefore, the period of limitation had been tolled under MCL 600.5851; MSA 27A.5851.

Affirmed.

1. TORTS — CAUSES OF ACTION — INJURY TO PERSONS.

A cause of action for damages arising out of tortious injury to a person accrues when all the elements of the cause of action have occurred and can be alleged in a proper complaint.

2. PRODUCTS LIABILITY — CAUSES OF ACTION — DISCOVERY RULE — LIMITATION OF ACTIONS.

A cause of action for products liability accrues when the plaintiff discovers, or through the exercise of reasonable diligence should discover, an injury and its likely cause, not at the time the plaintiff is exposed to the product or at the time of diagnosable injury; the period of limitation in a products liability case begins to run when the action accrues.

3. PRODUCTS LIABILITY — LIMITATION OF ACTIONS — CONTINUING WRONGFUL ACTS.

The continuing-wrongful-acts doctrine, which provides that continuing wrongful acts occurring within the period of limitation prevent the accrual of an action until the most recent exposure to the product, does not toll the period of limitation in a products liability action until the most recent exposure to the product.

*Mark Granzotto* and *Jerome G. Quinn,* for the plaintiffs.

*Dykema Gossett* (by *Joseph C. Basta, Kathleen McCree Lewis,* and *Darleen Darnall*), for the defendant.

Before: GRIBBS, P.J., and HOLBROOK, JR., and NEFF, JJ.

HOLBROOK, JR., J. In this products liability case, the circuit court granted defendant Exxon Company, U.S.A., summary disposition under MCR 2.116(C)(7). Plaintiffs appeal as of right. We affirm.

Farmer Asher (plaintiff) worked for General Motors Corporation from February 10, 1966, to May 15, 1987. Plaintiff's work involved cleaning glue residue from the walls and floors of spray booths. During the course of plaintiff's employment at General Motors, he was exposed to various industrial adhesives and cleaning solvents manufactured and sold by Exxon Company, U.S.A. (defendant) and other defendants. Plaintiff used one of these products, "Fab cleaner," throughout his tenure at General Motors. Defendant's product, 587 Naphtha, was first sold to General Motors in July of 1985 for use as a component of Fab cleaner.

Plaintiff initially avoided going to a doctor because he did not want to be placed on sick leave and suffer reduced income. Dr. Jerry Walker first treated plaintiff in December of 1979 for chronic rhinitis, anxiety, boils, and breathing difficulty. Walker diagnosed that these conditions were caused by plaintiff's exposure to chemicals at his workplace.

During the 1980s, plaintiff began to experience memory loss, difficulty finding his way around the General Motors plant, and chronic lethargy. Plaintiff failed to heed Walker's advice to find a different job. In May of 1987, Walker declared plaintiff permanently disabled. Plaintiff and his wife filed their complaint on April 18, 1989.

Defendant moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiffs' complaint was not filed within the period of limitation. The other defendants joined in defendant's motion. After plaintiffs had settled with all six other defen-

dants, the circuit court heard oral arguments regarding the motion. Defendant argued that plaintiff knew of his claim for several years by the time he began using Fab cleaner containing 587 Naphtha in July of 1985 because he knew from the onset of his first symptoms that the chemicals were a possible cause of his illness. Defendant argued that plaintiff had three years from the date of his first exposure to its product in July of 1985 to file timely his cause of action. Plaintiff responded that the complaint was filed timely because he was continuously subjected to defendant's tortious conduct through plaintiff's last day of employment with General Motors on May 15, 1987. Alternatively, plaintiff argued that the period of limitation had been tolled because he had been suffering from mental derangement. The circuit court found that plaintiff was not mentally deranged because he was able to work and function. The circuit court then granted defendant summary disposition.

When reviewing a motion for summary disposition under MCR 2.116(C)(7), this Court accepts all well-pleaded allegations as true and construes them most favorably to the plaintiff. *Bonner v Chicago Title Ins Co,* 194 Mich App 462, 469; 487 NW2d 807 (1992). If the pleadings show that a party is entitled to judgment as a matter of law, or if affidavits or other documentary evidence show that there is no genuine issue of material fact, the trial court must render judgment without delay. MCR 2.116(I)(1); *Nationwide Mutual Ins Co v Quality Builders, Inc,* 192 Mich App 643, 648; 482 NW2d 474 (1992). If no facts are in dispute, the court must decide as a matter of law whether the claim is statutorily barred. *Harris v Allen Park,* 193 Mich App 103, 106; 483 NW2d 434 (1992).

It is undisputed that the period of limitation for

a products liability action is three years. MCL 600.5805(9); MSA 27A.5805(9). The issue[1] presented in this case is whether the continuing-wrongful-acts doctrine tolls the period of limitation in a products liability action until the time of the most recent exposure to the product.

MCL 600.5827; MSA 27A.5827 provides:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. . . .
> [T]he claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

A cause of action for damages arising out of tortious injury to a person accrues when all the elements of the cause of action have occurred and can be alleged in a proper complaint. *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146, 150; 200 NW2d 70 (1972). Under the discovery rule, an action for products liability accrues when the plaintiff discovers or should have discovered a possible cause of action. *Bonney v Upjohn Co,* 129 Mich App 18, 35; 342 NW2d 551 (1983).

In *Defnet v Detroit,* 327 Mich 254, 258; 41 NW2d 539 (1950), our Supreme Court held that continuing wrongful acts occurring within the period of limitation prevent the accrual of an action in trespass. Since then, the continuing-wrongful-acts doctrine has been applied to other claims. See, e.g., *Moore v Pontiac,* 143 Mich App 610, 614; 372 NW2d 627 (1985) (nuisance); *Sumner v Goodyear*

[1] In *Scott v Monroe Co Bd of Road Comm'rs,* unpublished opinion per curiam of the Court of Appeals, decided November 8, 1989 (Docket Nos. 108566, 108567), lv vacated 438 Mich 869 (1991), this Court rejected the argument that the products liability statute of limitations began to run on the date of the plaintiff's last exposure to toxic substances in the workplace.

*Tire & Rubber Co,* 427 Mich 505, 510; 398 NW2d
368 (1986) (civil rights). Plaintiffs argue that the
continuing-wrongful-acts doctrine should apply to
products liability actions for personal injury dam-
ages.

In *Larson v Johns-Manville Sales Corp,* 427
Mich 301, 304-305; 399 NW2d 1 (1986), our Su-
preme Court held in part that a cause of action for
asbestosis accrues in accordance with the discovery
rule rather than at the time of the exposure to
asbestos or at the time of diagnosable injury. A
products liability cause of action accrues at the
time a person knows or should have known of the
injury and not at the time of exposure to the
product or at the time of diagnosable injury. *Stin-
nett v Tool Chemical Co, Inc,* 161 Mich App 467,
472-473; 411 NW2d 740 (1987), citing *Larson.* The
Court in *Stinnett, supra* at 473, further held that
the plaintiff's claim was barred by the statute of
limitations because he failed to file his complaint
within three years after he knew or should have
known of the injury. Consequently, a cause of
action for products liability accrues when the
plaintiff discovers, or through the exercise of rea-
sonable diligence should discover, an injury and its
likely cause. *Mascarenas v Union Carbide Corp,*
196 Mich App 240, 244; 492 NW2d 512 (1992),
citing *Moll v Abbott Laboratories,* 192 Mich App
724, 731; 482 NW2d 197 (1992). Accordingly, we
conclude that the accrual of a products liability
action is determined by reference to the discovery
rule. Thus, the continuing-wrongful-acts-doctrine
does not toll the period of limitation in a products
liability action until the most recent exposure to
the product. Rather, the period of limitation in a
products liability case begins to run when the
plaintiff discovers, or through the exercise of rea-

sonable diligence should discover, an injury and its likely cause. At that time, all the elements of the cause of action have occurred and can be alleged in a proper complaint. *Connelly, supra.*

In this case, plaintiff admitted that at the time he first developed symptoms of illness in the late 1970s, he believed that his symptoms were caused by the chemicals he used at work. Plaintiff's first exposure to defendant's product occurred in July of 1985. Like in *Stinnett, supra,* and *Mascarenas, supra* at 246, the circuit court in this case could have relied on plaintiff's own statements to find his cause of action barred. We agree with defendant that plaintiff had three years from July of 1985 to file a claim. Because plaintiffs' complaint was filed after July of 1988, it was barred by the statute of limitations.

We reject plaintiff's argument that the period of limitation had been tolled under MCL 600.5851; MSA 27A.5851 because he had been suffering from mental derangement. None of the documentary evidence submitted by plaintiffs to the circuit court show any controversy with respect to whether plaintiff was deranged at the time his claim accrued. *Makarow v Volkswagen of America, Inc,* 157 Mich App 401, 407; 403 NW2d 563 (1987). Although the circuit court erred in finding that plaintiff was not mentally deranged because he was able to work, see *Davidson v Baker-Vander Veen Construction Co,* 35 Mich App 293, 302-303; 192 NW2d 312 (1971), the evidence presents no genuine issue of material fact regarding plaintiff's sanity at the time his claim accrued. See also *Hooper v Hill Lewis,* 191 Mich App 312, 316; 477 NW2d 114 (1991). Thus, the circuit court did not err in granting defendant summary disposition.

Affirmed.