*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PATRICIA WENDEL,

        Plaintiff-Appellant,

v

FORD MOTOR COMPANY,

        Defendant-Appellee.

UNPUBLISHED
September 5, 2024

No. 365678
Oakland Circuit Court
LC No. 2022-195133-NI

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

GADOLA, C.J. (*concurring in part, dissenting in part*).

I respectfully disagree with the majority's conclusion that a question of fact exists regarding whether Wendel demonstrated that she was insane, thereby tolling the statute of limitations.

MCL 600.5851 provides for tolling of the statute of limitations due to insanity and defines the term "insane" to mean "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know…." MCL 600.5851(2). Because mental derangement is not defined in MCL 600.5851, we may consult dictionary definitions to guide our analysis of the question at hand. See *Associated Builders and Contractors of Michigan v State Treasurer*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 369314); slip op at 11. Derangement, when referring to mental processing, is defined as "the state of being completely unable to think clearly or behave in a controlled way, especially because of mental illness."[1] Collins Dictionary similarly defines derangement as "the state of being mentally ill and unable to think or act in a controlled way" and "severe mental illness."[2] The Britannica Dictionary defines

---

[1] Cambridge Dictionary <https://dictionary.cambridge.org/us/dictionary/english/derangement> (accessed August 23, 2024).

[2] Collins Dictionary <https://www.collinsdictionary.com/us/dictionary/english/derangement > (accessed August 23, 2024).

deranged in the context of mental health as "unable to think or act in a normal or logical way especially because of severe mental illness: crazy or insane."[3]

To support her argument that the statute of limitations should be tolled because she was insane, Wendel provided the affidavits of her two sons stating that they believed that being their father's primary caregiver caused Wendel to be depressed, disoriented, stressed, and often emotional. Wendel also provided the psychiatric evaluation by Dr. Gerald A. Shiener, in which Dr. Shiener observed that Wendel had difficulty remembering dates and names. This evidence suggests that Wendel suffered from depression and experienced forgetfulness (likely age-related) in her role as her husband's caretaker; this evidence does not demonstrate that Wendel was insane or mentally deranged as that term is defined.

Depression and memory loss is not akin to "mental derangement" as contemplated by the tolling statute. The terms "insanity" and "derangement" are generally reserved for people suffering from severe mental illnesses, such as schizophrenia or other paranoid personality disorders or psychoses. Tellingly, Dr. Shiener did not diagnose Wendel with any personality disorder or psychosis. A person suffering from clinical depression and forgetfulness would never be described, even colloquially, as "insane." Dr. Shiener's psychiatric evaluation does not reveal anything that would indicate Wendel was suffering from mental derangement or any mental condition tantamount to insanity. Wendel was diagnosed with (1) major depressive disorder with complicated bereavement, (2) somatic symptom disorder, pain predominate[4], (3) posttraumatic stress disorder, and (4) neurocognitive disorder, post-concussive syndrome. Dr. Shiener's report describes Wendel as "calm, pleasant, cooperative, in good contact with her environment, but easily distracted by external cues."

Dr. Shiener's report states that Wendel had "difficulty answering some questions—especially in dates and names, and frequently has to refer to her phone." Considering that Wendel is 81 years old, her forgetfulness with dates and names is understandable. Wendel's son opined that Wendel was "totally focused on dealing with my father and had no concern or ability to focus on anything else even before the October injury. . . ." Moreover, it is unlikely that Wendel's children would have allowed her to serve in the role of caretaker for her incapacitated husband had she truly been "insane" or "mentally deranged" at that time.

Under MCL 600.5851(2), whether Wendel was mentally deranged is the first criterion that must be demonstrated to prove that she was insane within the terms of the statute. The second consideration is whether Wendel's alleged mental derangement *prevented her from comprehending rights she was otherwise bound to know.* See MCL 600.5851(2). The evidence presented in this case does not create a question of fact regarding whether Wendel was unable to

---

[3] The Britannica Dictionary <https://www.britannica.com/dictionary/deranged> (accessed August 23, 2024).

[4] "Somatic symptom disorder is characterized by an extreme focus on physical symptoms–such as pain or fatigue–that causes major emotional distress and problems functioning." Mayo Clinic, *Somatic Symptom Disorder*, <https://www.mayoclinic.org/diseases-conditions/somatic-symptom-disorder/symptoms-causes/syc-20377776> (accessed August 20, 2024).

comprehend her legal rights. See *Asher v Exxon Co*, 200 Mich App 635, 637, 641; 504 NW2d 728 (1993) (evidence of anxiety, memory loss, and confusion regarding everyday activities was insufficient to establish a question of fact regarding "mental derangement" necessary to toll the statute of limitations). The complaint states that Wendel had a "firm conviction that she had properly placed the transmission in park" despite others assuming that she had failed to put the transmission in park. It can be inferred from this statement that Wendel could appreciate her legal rights at the time of her injury, yet was dissuaded from pursuing a lawsuit based on the possibility that the accident was her fault. The fact that Wendel had to be dissuaded from pursuing litigation itself demonstrates that she indeed had a clear and quite definite appreciation for her legal rights at the time the incident occurred.

I also disagree with the majority's conclusion that the trial court erred by denying Wendel's motion to amend the complaint. Wendel proposed adding the claim that she fell under the definition of insanity in MCL 600.5851(2), and that the tolling provision of MCL 600.5851(1) should therefore apply. Because the affidavits submitted by Wendel's children and the psychiatric evaluation by Dr. Shiener do not create a genuine issue of fact regarding whether the insanity tolling statute should apply, the proposed amendment does not change the legal sufficiency of the claim for which the statute of limitations under MCL 600.5805(12) has expired. See *PT Today, Inc v Comm'r of the Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006). The trial court was correct to deny the amendment as futile.

I concur in the majority's conclusion that the discovery rule does not apply because Wendel's claim sounds in products liability rather than breach of warranty. I also agree that there was no evidence of fraudulent concealment that tolled the statute of limitations under MCL 600.5855.


/s/ Michael F. Gadola