Ola Belle MEREDITH, Appellant,

v.

UNITED STATES of America et al., Appellees.

No. 18640.

United States Court of Appeals
Ninth Circuit.

March 24, 1964.

` Rehearing Denied En Banc
April 29, 1964.

William A. Dougherty, Santa Ana, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief of Civil Section and Gordon P. Levy, Asst. U. S. Atty., Los Angeles, Cal., for appellees.

Before MADDEN, Judge of the Court of Claims, and BROWNING and DUNIWAY, Circuit Judges.

BROWNING, Circuit Judge.

On motion for summary judgment the district court held that the acts and omissions upon which appellant based her action under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671–2680, occurred in Bangkok, Thailand; and that suit under the Act was therefore barred by 28 U.S.C.A. § 2680(k), which excludes from the coverage of the Act "any claim arising in a foreign country." Appellant contends that her claim did not arise "in a foreign country" because the significant acts and omissions occurred within the physical confines of the American Embassy at Bangkok.

Appellant relies largely upon Rocha v. United States, 288 F.2d 545 (9th Cir. 1961), and United States v. Archer, 51 F. Supp. 708 (S.D.Cal.1943). Both cases hold that in some circumstances Congress has power to punish conduct occurring without the physical boundaries of the United States. However, no one challenges the power of Congress to extend the remedy provided by the Federal Tort Claims Act to persons injured on premises occupied by this nation's foreign embassies and consulates. The question is whether Congress intended to do so.

The words "foreign country" are not words of art, carrying a fixed and precise meaning in every context. "[I]t is necessary to consider the object of the enactment and to construe the expression 'foreign country' so as to achieve, and not defeat, its aim." Burnet v. Chicago Portrait Co., 285 U.S. 1, 7, 52 S.Ct. 275, 277, 76 L.Ed. 587 (1932).

The legislative history discloses that Congress excluded claims arising "in a foreign country" because liability under the Federal Tort Claims Act was to be determined "in accordance with the law of the place where the act or omission occurred," (28 U.S.C.A. § 1346 (b)), and Congress "was unwilling to subject the United States to liabilities depending upon the laws of a foreign power." United States v. Spelar, 338 U.S. 217, 221, 70 S.Ct. 10, 11, 94 L.Ed. 3 (1949). See also Callas v. United States, 253 F.2d 838, 840 (2nd Cir. 1958); Cobb v. United States, 191 F.2d 604, 609 (9th Cir. 1951). No authority has been cited indicating that it is the duty of the federal courts to create rules governing liability for tortious acts and omissions on the premises of American embassies and consulates abroad (cf. United States v. Standard Oil Company, 332 U.S. 301, 305, 67 S.Ct. 1604, 91 L.Ed. 2067 (1947)), and obviously our embassy at Bangkok has no tort law of its own. Presumably the law applicable on these premises would be that of Thailand. cf. United States v. Spelar, supra, 338 U.S. at 218, 70 S.Ct. 10, 94 L.Ed. 3. If this is so, the words "in a foreign country" in section 2680(k) must be read to include the embassy buildings and grounds or liability of the United States for acts of its employees will be determined by the law of a foreign power, contrary to the purpose of Congress.

In any event, other possible reasons for the exclusion by Congress from the Federal Tort Claims Act of claims "arising in a foreign country" argue forcefully against the construction of section 2680 (k) suggested by appellant. Judge Sobeloff has stated these reasons as follows: "the absence of United States courts in such countries, with resulting problems of venue, and the difficulty of bringing defense witnesses from the scene of the alleged tort to places far removed; and * * * a reluctance to extend the Act's

benefits to foreign populations." Burna v. United States, 240 F.2d 720, 722 (4th Cir. 1957). Obviously, each of these considerations is equally applicable whether a tort occurs in Bangkok within the American Embassy or outside the Embassy grounds.

■ The phrase "in a foreign country" is used in section 2680(k) with the meaning dictated by "common sense" and "common speech." Cobb v. United States, supra, 191 F.2d at 612 (Judge Pope concurring). See also Burna v. United States, supra, 240 F.2d at 721. The common-sense reasons for treating our Bangkok embassy as being "in a foreign country" are suggested in the preceding paragraph; and it would surely require that these words be given a meaning at odds with that accepted in common speech to hold that they meant that our Bangkok embassy was not in Thailand at all.

Appellant's construction is also incompatible with the rule that, in the absence of an indication to the contrary, legislation is intended to apply "only within the territorial jurisdiction of the United States." United States v. Spelar, supra, 338 U.S. at 222, 70 S.Ct. 10, 94 L.Ed. 3 (quoting Foley Bros. v. Filardo, 336 U.S. 281, 285, 69 S.Ct. 575, 93 L.Ed. 680 (1949). There is nothing in the Federal Tort Claims Act which indicates that it was intended to apply to personal or property damage sustained in our embassies and consulates abroad.

■ Finally, without attempting an exhaustive catalogue or detailed analysis, we note that provisions of a number of other statutes (see, e. g. 10 U.S.C.A. §§ 2734 and 2734(a); 5 U.S.C.A. § 170g(b) and (f); 42 U.S.C.A. § 2473(b) (13); 22 U.S.C.A. § 2509(b)) point to a Congressional intention that claims for property damage, personal injury, or death arising out of activities of our military and civilian personnel abroad are to be dealt with by administrative or diplomatic means, or by special legislation, as may be appropriate, rather than by litigation under the Federal Tort Claims Act. cf.

Feres v. United States, 340 U.S. 135, 144, 71 S.Ct. 153, 95 L.Ed. 152 (1950).

The complaint was properly dismissed for want of jurisdiction.

Affirmed.