Christopher POOLE, et al., Plaintiffs,

v.

Kevin BROWN, Defendant.

Civ. A. No. 87–2482 SSH.

United States District Court,
District of Columbia,
Civil Division.

Feb. 14, 1989.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendant's motion to dismiss. For the reasons set forth below, that motion is granted.

### Background

This case stems from an attack on a child by a female Rhodesian Ridgeback. The

alleged attack took place at the home of defendant while he was stationed in Kinshasa, Zaire.[1] Plaintiffs are citizens of the United Kingdom who are temporarily residing in Kinshasa, Zaire. Daniel Poole, age six at the time this suit was filed, was the child injured in the attack; Christopher Poole is his father.

According to the complaint, the dog—Jinga—was owned by defendant, was a trained attack dog, and was caring for a recent litter of puppies. The complaint alleges that defendant knew that the dog was likely to attack a stranger, but that he took no precautions for the presence of plaintiffs (invited by defendant to his residence).[2] When defendant opened the door to admit plaintiffs, the dog attacked Daniel, inflicting serious injuries to his nose and lips. Because the dog had not been inoculated against rabies, the child had to undergo painful anti-rabies shots. The complaint further alleges that Daniel is permanently disfigured, has suffered pain and trauma, and will be forced to undergo further surgery. Defendant has moved to dismiss this case on the grounds of *forum non conveniens.*

### Discussion

The seminal case on *forum non conveniens* is *Gulf Oil v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).[3] *Gulf Oil* sets forth a number of factors to be applied by courts in declining jurisdiction on *forum non conveniens* grounds:

> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining willing, witnesses; ... and all other practical problems that make trial of a case easy, expeditious and inexpensive.... But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.
>
> Factors of public interest also have place in applying the doctrine.... Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.

*Id.* at 508–09, 67 S.Ct. at 843. In sum, the court's obligation is to weigh the three interests at stake: plaintiff's, defendant's, and the forum's. *See Pain v. United Technologies Corp.,* 637 F.2d 775, 783 (D.C.Cir. 1980).

### Alternative Forum Availability

■ The Court's initial responsibility[4] is to ensure that there is an alternative forum available and that the remedies provided are not so unsatisfactory as to render that forum inadequate.[5] *See* 15 Wright, Miller & Cooper at § 3828. Defendant asserts that Zaire, whose code and court system

1. At the time in question, defendant was an employe of the Department of State.

2. The Court notes that it appears from the affidavits and averments of defendant, relevant to the motion to dismiss for *forum non conveniens,* that plaintiffs also owned a male Rhodesian Ridgeback, that the two dogs had been deliberately mated, and that plaintiffs as recompense were to receive a share of the litter.

3. *Gulf Oil* was decided before the enactment of the statute on transfers, 28 U.S.C. § 1404(a), and involved a suit brought in New York by a Virginia plaintiff against a defendant conducting business in Virginia. Although transfer, not dismissal, would be the proper result now on those facts, the analytic framework established by *Gulf Oil* remains valid. *See generally* 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3828 (1986). *Koster v. American Lumbermens Mutual Casualty Company,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947),

decided the same day as *Gulf Oil,* uses somewhat different language in discussing *forum non conveniens* analysis and has been interpreted as a "pragmatic application" of that case's balancing approach. *Alcoa S.S. Co. v. M/V Nordic Regent,* 654 F.2d 147, 152 (2d Cir.1980).

4. This procedure assumes that, as is the case here, ordinary hurdles of personal jurisdiction, subject matter jurisdiction, and venue have already been surmounted.

5. Mere change in the law, which could prejudice plaintiff, is not sufficient to render the forum inadequate. "The possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the forum non conveniens inquiry." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 247, 102 S.Ct. 252, 261, 70 L.Ed.2d 419 (1981).

are modeled on those of Belgium, is an adequate alternative forum. Moreover, defendant cites article 261 of its code as proof that this cause of action also exists in the other forum:

> Le propriétaire d'un animal, ou celiu [*sic*] qui s'en sert, pendant qu'il est à son usage, est responsable du dommage que l'animal a causé soit que l'animal fut sous sa garde, soit qu'il fut egaré où échappé.[6]

Plaintiff does not squarely dispute the applicability of article 261 to his claim, nor does he challenge the adequacy of the forum. Instead, plaintiff argues that because Jinga was kept within the United States Embassy compound in Kinshasa, the alleged tort took place on American soil. In plaintiff's view, "to hold that the courts of Zaire should determine what laws apply to events occurring within the Embassy, would subvert the very sovereignty of the United States of America." Plaintiffs' Memorandum in Opposition to the Motion to Dismiss at 2. This argument is without merit—American embassies are not considered to be American soil. *See Meredith v. United States*, 330 F.2d 9 (9th Cir.), *cert. denied*, 379 U.S. 867, 85 S.Ct. 137, 13 L.Ed. 2d 70 (1964). *See McKeel v. Islamic Republic of Iran*, 722 F.2d 582, 588 (9th Cir. 1983) ("A United States embassy ... remains the territory of the receiving state and does not constitute territory of the United States."); *see also* Restatement (Second) of the Foreign Relations Law of the United States § 77 (1965).

The other point raised by plaintiffs touching on Zaire's availability as a forum also sidesteps the relevant issue. Plaintiffs originally filed suit in Kinshasa.[7] Defendant states that he was compelled by the United States to assert diplomatic immunity during his period of service in Zaire. Defendant's Motion to Dismiss at 4; Gittleman Affidavit at ¶ 10. Plaintiffs accuse defendant of returning to the United

States to "avoid the jurisdiction of the courts of Zaire," Plaintiffs' Opposition at 2, but this assertion is not supported by the record. Plaintiffs also allege that the District of Columbia is the only jurisdiction in which defendant could be found and served. Plaintiffs' Reply to Defendant's Reply at 2. Plaintiffs, while arguing that the District of Columbia is the only available forum, have not responded to defendant's assertion that the Zairian action is on inactive status and can go forward at any time. While it is true, especially in terms of a public policy argument, that defendants should not be allowed to manipulate the doctrine of *forum non conveniens* in order to forum shop, the Court concludes that this has not happened here.

*Private Interest Factors*

■ In response to defendant's vigorous argument that Zaire is a more convenient forum for both parties, plaintiffs reply that both Zaire and the District of Columbia are equally inconvenient. "It is submitted that 'convenience' being in equipoise, the 'strong presumption' in favor of Plaintiffs' choice of forum must prevail." Plaintiffs' Opposition at 4 (cites omitted). This is a presumption, not a fixed rule.

> When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.

*Piper Aircraft*, 454 U.S. at 255–56, 102 S.Ct. at 266. Plaintiffs having conceded that, at best, either forum is equally inconvenient, and plaintiffs' choice of forum not being dispositive in any event, the Court must examine the public interests at stake in this litigation.[8] *Cf. id.* at n. 23 (even a

---

6. Translated, this article reads: "The owner of an animal, or one who uses it, during the period of such use, is responsible for damage caused by the animal, whether the animal is in his keeping or whether it is lost or has run away."

7. Plaintiffs' willingness to initiate proceedings in Zaire creates an inference that the forum is adequate.

8. Defendant makes a number of arguments tending to show that the private interests at issue here might best be served in Zaire. Given

"citizen's forum choice should not be given dispositive weight ... if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper").

Plaintiff does raise an issue as to the future validity of a judgment from Zaire. His concern is that such a judgment would be contested here by the defendant, creating the need to relitigate the case in the District of Columbia in order to enforce it. This fear is not justified. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981). The Superior Court of the District of Columbia, if asked to enforce a Zairian judgment that defendant contested on frivolous grounds, would award the full amount of the judgment plus costs. *See, e.g., Laufer v. Westminster Brokers, Ltd.*, 532 A.2d 130 (D.C. 1987).[9]

*Public Interest Factors*

Public interest factors point overwhelmingly to Zaire as the proper forum. The District of Columbia has no connection with this matter, save the current residence of the defendant. It also appears that the law of Zaire would control. "There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the ... law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Gulf Oil*, 330 U.S. at 509, 67 S.Ct. at 843. This consideration is especially apposite in a situation requiring translation of the law itself.

plaintiffs' own submissions on this issue, the Court does not find it necessary to weigh, measure for measure, the balance of conveniences on both sides. The Court notes, however, that the balance of relevant private interest factors would appear to tip in the direction of Zaire. Worth mentioning in this respect is the relative ease of access to sources of proof, which points to Zaire with the possible exception of certain medical damages proof to be found in England.

Plaintiffs have utterly failed to address the public interest issues.

For the reasons set forth above, the Court concludes that this action must be dismissed on the grounds of *forum non conveniens*.

9. Plaintiffs' final argument with respect to convenience of the parties centers on cost. Plaintiffs contend that they have spent close to $10,-000 locating and serving defendant and proceeding with this suit. That figure, which strains the Court's credulity, is not supported by any affidavit.